HART vs. DEAMER.

An inquisition taken under a writ *de lunatico inquirendo* is *admissible*, though not *conclusive* evidence to prove the lunacy of an obligor in an action of debt on bond.

*Creditors* of the obligor, where the defence is lunacy, are *competent witnesses* to prove the obligor incapable of managing his concerns at the time of the execution of the bond; if a direct and certain interest appears, *it seems* they would not be considered competent; as, in this case, where a judgment was already entered for the plaintiff, had it appeared that the witnesses were *judgment creditors*, having liens upon the same property, they would have been declared incompetent.

In this case a judgment had been entered against the defendant in an action of debt on bond, and on application to the court, suggesting that the defendant, at the time of the execution of the bond, was a *lunatic*, an order was made staying the execution which had been issued, and that the defendant have leave to appear by his committee, and defend the suit upon the bond. An issue was accordingly framed which came on to trial before the Hon. OGDEN EDWARDS, one of the circuit judges, at the New-York circuit, in December, 1829.

On the trial of the cause, the plaintiff proved the execution of a bond, bearing date the 29th *December*, 1827, conditioned for the payment of $2500 and rested. The counsel for the defendant then offered in evidence an *inquisition* under a writ *de lunatico inquirendo*, taken the 29th February, 1828, finding that the defendant at the time of the making of the inquisition was a *lunatic* and of unsound mind and enjoyed no lucid intervals, so that he was incapable of the government of himself, his messuages, &c. and had been in the same state of lunacy since *June*, 1827, which was objected to as evidence and rejected by the judge. The counsel for the defendant then offered to prove, by various persons, who, it was admitted, were *creditors* of the defendant, that at the time of the execution of the bond in question, the defendant was of unsound mind, and incapable of managing his concerns. The witnesses offered were objected to as incompetent, on

the ground of interest, and excluded by the judge. The counsel for the defendant excepted to the decisions, and the jury found a verdict for the plaintiff which was now moved to be set aside.

*J. L. Wendell,* for defendant.

*S. P. Staples,* for plaintiff.

*By the Court,* SAVAGE, Ch. J.   To sustain the defence, an *inquest,* taken upon a commission of *lunacy,* was offered in evidence and rejected ; and secondly, witnesses were offered, who were conceded to be creditors of Deamer, who were also rejected.   The questions are, therefore, as to the competency, 1st. of the inquisition, and 2d. of the creditors.

1. It is laid down by writers on the law of evidence, that such an inquisition is *admissible* evidence, though not *conclusive.*  1 *Phil. Ev.* 300, *pt.* 2, *ch.* 4, § 2.   *Starkie* says. 1 *vol. pt.* 2, § 95 : " An inquisition of lunacy may be considered to be in the nature of a proceeding *in rem,* since it is instituted by the direction of the chancellor, to whom, by special authority from the king, the custody of idiots and lunatics is intrusted, to inquire into the state of the party's mind.   In the case of *Sergeason* v. *Sealy,* 2 *Atk.* 412, an inquisition was received, but witnesses were permitted to contradict it, Lord Hardwicke saying it was not conclusive.   It was objected to in that case, but the objection was overruled.   The application there was to set aside a purchase, made after the time covered by the inquisition of lunacy.   In the case of *Farlan* v. *Silk, Exr. &c.* 3 *Campb.* 126, such an inquisition was received in an action of debt on a bond, Lord Ellenborough saying that it was admissible, but not conclusive ; and that it would be for the jury, after comparing it with the other facts of the case, to determine what weight it was entitled to.   In *Jones* v. *White,* 1 *Strange,* 68, a coroner's inquest was offered upon a trial at bar of an issue out of chancery of *devisavit vel non,* to prove the lunacy of the testator ; it was opposed by two justices against two.   The justices who were opposed, put their opposition on the ground that the coroner's inquest was a criminal proceeding.   In the cases of *Lathow* v. *Eamer,* 2 *H. Black.* 437,

and *Glossop* v. *Pole*, 3 *Maule & Sel.* 176, the courts in England thought inquisitions, taken by sheriffs, were not admissible in an action hrought against the sheriff; but a different rule of evidence is established in this state, as appears by the cases referred to by the plaintiff's counsel, viz. *Bayley* v. *Bates*, 8 *Johns. R.* 186, in which *Lathow* v. *Eamer* was cited, and 10 *Johns. R.* 98, and 15 *id.* 147. Many more might be added in which inquisitions have been received as competent, though not conclusive evidence. On this point, therefore, the judge erred.

I think he erred also in excluding the creditors. The interest to render a witness incompetent must be fixed and certain, not contingent. 5 *Wendell*, 55, *and cases there cited.* *See also* 10 *Johns. R.* 21. From the bare fact that the witnesses were *creditors*, it does not necessarily follow that they had such an interest as should exclude them. They may be creditors at large. If the fact had appeared that the creditors, offered as witnesses, had judgments and executions levied on the same property bound by the plaintiff's judgment and execution, and that there was not property enough to satisfy both, the court could then see a certain interest ; but upon the facts stated in the bill of exceptions, we are of opinion that the witnesses were competent, and that the fact of their being creditors and having a possible, and perhaps probable interest in the event, could be urged only against their credibility.

A new trial must be granted, with costs to abide the event.