By the Court, Bronson, J.
The defendants made out a complete chain of title under John Osterhout, who devised the land in fee to his son Frederick, and died in 1818. In 1823, Frederick mortgaged to Peak, and in 1824 Peak conveyed to the defendants. In answer to this, the plaintiff shows that *516 John Osterhout conveyed the land to him in 1810. As this deed has not been recorded, and as the mortgage to Peak and his deed to the defendants were recorded at the times they respectively bear date, there may be a question under the recording acts whether the plaintiff’s deed is not void as against the defendants. But as this question was not made on the trial, I shall not consider it.
Aside from that question, the title was apparently in the plaintiff. After John Osterhout had conveyed to the plaintiff in 1810, his will could only operate upon his other lands in the town of Warren. In this state of the case it is not very easy to see why the plaintiff gave in evidence his own deed to his brother Frederick, and then undertook to overthrow it. But we must take the case as it is. If that deed be valid, the title is in the defendants.
I see no principle upon which the inquisition taken on a commission of lunacy can be given in evidence to defeat the title of third persons who were strangers to the proceeding, and had no opportunity to offer or cross-examine witnesses. But it seems to be settled that such evidence is admissible, though not conclusive. (Hart v. Deamer, 6 Wend. 497 ; and see Cowen & Hill’s Notes to Phil. 942, and Shelf, on Lunacy, 63—5, where the cases are collected.)(a) But if the commission was improperly received, it was subsequently withdrawn with the assent of the defendants, and their exception consequently fell to the ground.
The plaintiff finally rested his case on the single ground that his deed to Frederick w'as procured by fraud. The evidence tended to make out a fraud in relation to the consideration, and it is well settled that a deed cannot be avoided on that ground. The fraud must go to the execution of the deed, as by showing a misreading, or the substitution of one instrument for another. (Jackson v. Hills, 8 Cowen, 290, and cases there *517 cited.)(b) And again,if the deed was originally void, a subsequent acknowledgment of the instrument before a proper officer, procured without fraud, would be equivalent to a redelivery, and the deed would thereafter be effectual. (Doe v. Howland, 8 Cowen, 277.) (c) But these questions were not presented in such a form on the trial that the defendants can take advantage of them on this bill of exceptions.
The jury have found against the deed from the plaintiff to Frederick. The defendants then stand upon the will of John Osterhout devising the land to Frederick, and the plaintiff claims that he got the title by the prior deed of 1810. The defendants offered to show that this deed was not delivered until after the death of John Osterhout, the grantor. This evidence should, I think, have been received. If the deed was not delivered by the grantor, it is of course good for nothing, and the title passed to Frederick under the will. But it is said that the defendants hold under the plaintiff, and therefore are not at liberty to deny his title. This argument assumes that the deed to Frederick is valid; and thus the plaintiff contends at one moment that the deed is utterly void, and in the next breath he says the deed is good, and creates an estoppel. He cannot occupy both of these positions. If the deed is good, he has parted with his title, and cannot recover. If it is void, the parties are thrown back upon the question as to which got the best title from John Osterhout, and that depends upon the inquiry whether the deed of 1810 was delivered. If it was not, the defendants have the title under the will.
Again, the argument upon which this evidence was excluded not only assumes that the plaintiff’s deed to Frederick was valid, but it takes the fact for granted that the defendants hold under that deed ; whereas they did not produce the deed, but claimed to hold under the will. They did not claim under the plaintiff, but under his father John Osterhout.
*518 But if the defendants had claimed under the deed as, well as under the will, that would not preclude them from denying the plaintiff’s title. The facts are these : Immediately after the death of John Osterhout, his son Frederick, to whom the property had been devised in fee, entered and took possession of the farm •, and while thus in possession he took the deed from the plaintiff. Whether the plaintiff’s claim was valid or not,vFrederick thought proper to strengthen himself by acquiring it. But he did not enter under the plaintiff, and there was no relation of landlord and tenant between them. Nor did that relation exist even in a qualified form ; as, between vendor and vendee before a conveyance, or between the purchaser under an execution and the judgment debtor. Frederick purchased and took a conveyance in fee. He owed no fealty to the plaintiff, and is chargeable with no disloyalty in denying his title. Although a tenant cannot question the right of his landlord, a grantee in fee may hold adversely to the grantor, and there can be no good reason why he should not be at liberty to deny that the grantor had any title, (d) There is no estoppel where the occupant is not under an obligation, express or implied, that he will at some time or in some event surrender the possession. The grantee in fee is under no such obligation. He does not receive the possession under any contract express or implied that he will ever give it up. He takes the land to hold for himself, and to dispose of it at pleasure. He owes no faith or allegiance to the grantor, and he does him no wrong when he treats him as an utter stranger to the title.
If-Frederick had obtained the possession from the plaintiff, and had got it by fraud, it may be that he would be precluded from setting up his title under the will until after the possession had been restored. But whatever fraud there may have been in procuring the deed, Frederick did not get the possession from the plaintiff; and whether the deed is either good or *519 bad, it cannot destroy the prior title and possession under the will. If the plaintiff’s deed was good, he has parted with whatever title he had. If the deed was void, he has neither lost nor gained any thing by giving it. The parties stand where they were before.
I have not forgotten the cases which hold that in dower the grantee of the husband is estopped to deny the grantor’s title. But those cases are to be followed because the rule has been so settled, and not because it rests on any sound principle. The doctrine ought not to be extended.
The plaintiff’s deed describes the land as being the same which was conveyed to him by the deed of 1810; but I do not perceive that this can affect the question. Although Frederick knew that the plaintiff had such a deed in his possession, and thought proper to purchase in that outstanding claim, he did not thereby preclude himself from attacking that title, and standing upon his better right under'the will.
I observe that the widow of Frederick Osterhout was called as a witness against the grantee of her former husband, to prove that he had committed a fraud upon the plaintiff; and she spoke of the declarations as well as the acts of her husband. She was not a competent witness for that purpose. (Babcock v. Booth, 2 Hill, 181.) But this question was not made on the trial.
New trial granted.

 See also per Pattison J. in Dane v. Kirkwall, (8 Carr, & Payne, 679.)

 See the cases collected in Cowen & Hill’s Notes to Phil. Ev. p. 1458 to 1460.

 See Jackson v. Phillips, (9 Cowen, 94, 113.)

 See Watkins v. Holman, (16 Peters, 25 ;) Barker v. Salmon, (3 Metcalf's R. 33.)