### FISHER *vs.* GORDON.

1. In a proceeding before a sheriff or constable, to try the right of property between the defendant in the execution and the claimant, the verdict of the jury is a full protection to the officer, as well against the plaintiff in the execution as the claimant. The plaintiff cannot compel the officer to sell the property levied upon by tendering a sufficient bond of indemnity.— See Rev. Stat., 1835, title, "Executions," sec. 24, p. 257; also, "Justice's Courts," art. 7, sec. 14, 15, 16, p. 367.

2. An officer is bound to use reasonable diligence in searching for property of the defendant in the execution, but the mere fact that the defendant had property will not render the officer liable, if he used reasonable diligence to discover property, and could find none.

ERROR to St. Louis Circuit Court.

Todd *and* Krum, *for Plaintiff.*

1. The court erred in refusing to permit the plaintiff to prove that, upon the decision of the constable's jury in favor of Kennerly's claim, he directed the defendant to sell the property, offering at the same time good and sufficient indemnity to defendant therefor, which the defendant refused to do.—Watson on the office and duty of sheriff, 195; 8 Johns. Rep., 185; 10 *Ibid.*, 98; 15 *Ibid.*, 147; 8 Cowen's Rep., 65; 5 Wendell's Rep., 309; 1 Hall's Rep., 596; 6 Mo. Rep., 166.

These references directly show, that if a third person claim the property levied upon under an execution, the officer may, for *his protection*, call a jury to try the validity of the claim. If they decide for the claim, the officer may abandon the levy, unless the plaintiff shall direct him to sell, offering at the same time a suffi-

cient indemnity, in which case the officer is bound to sell or take the hazard of a suit for a false return, without any aid in such suit from such decision, except as evidence to protect him from vindictive damages. The reasons are, that thereby the officer has full protection for his acts, which is all he has any right to or interest in; and also, the plaintiff's right to a satisfaction of his debt out of the property of his judgment debtor is thereby saved from the jeopardy of a trial, the most inadequate imaginable for a correct determination of conflicting rights. But it will be observed that the law, without any statutory provision, did not at all protect the officer for selling, in case the verdict were against the claimant. The claimant had still his action to recover of the officer the worth of the goods sold. There was, perhaps, fair and just occasion for legislation, and accordingly, by the enactment of section sixteen of Revised Statutes of Missouri, p. 367, it was provided, that " if the jury find the goods and chattels to be the property of the defendant in the execution, the verdict shall, as against the claimant, justify the officer in selling such goods 'and chattels." If the verdict be for the claimant, the officer is subject to the same law, and the plaintiff has the same rights existing before this enactment, and so considered in the case of Little *vs.* Seymour et al., 6 Mo. Rep., 166.

2. The court erred in refusing to give the instruction asked for by the plaintiff.

The plaintiff proved, without objection, that Greene, at the time of the levy in her boarding-house, had other property in her boarding-house, and no excuse was attempted for omitting to levy upon that. An officer is bound to use active and thorough diligence for finding property to satisfy an execution out of.

3. The verdict was against law and evidence, because the plaintiff's evidence proves that there was enough other property of Greene's besides that levied upon, within the reach of active diligence, and the defendant's proof of the verdict of the jury upon Kennerly's claim was no evidence at all on this trial, to show that the property levied upon was not Greene's, but was evidence only to show that the defendant did not act fraudulently, and to save him from vindictive damages.— Same authorities as under first point.

The defendant on this trial was bound to prove the property levied upon out of Greene as fully as if said verdict had not been had.—5 Wendell's Rep., 309; 2 H. Black., 437; 3 Maule and Selwyn, 175; Starkie and Phillips on Evidence, under the head of "Inquisition."

NAPTON, J., *delivered the opinion of the Court.*

This was an action against defendant for a false return as constable of St. Louis township. The declaration contained but one count, and in substance averred, that the plaintiff recovered before a justice of the peace in St. Louis township a judgment against one H. L. Greene for seventy-eight dollars and eighty cents, with damages and costs; that on this judgment an execution issued, directed to defendant; that under said execution defendant levied on sufficient goods and chattels of said Greene to satisfy said judgment, but notwithstanding such levy, defendant falsely and fraudulently returned that said Greene had not any goods or chattels in his township whereof he could cause to be levied the debt and damages aforesaid.

*Fisher* vs. *Gordon.*

Upon the trial, the plaintiff proved the judgment before the justice, the issuing of the execution, and the return upon the same, which was in the following words : " In this case property was levied upon as the property of defendant, and advertised, according to law, for sale. Augustin Kennerly came in by his attorney, and claimed said property, and filed his interpleader for the same; and on the 28th day of January, 1841, a trial of the right thereof was had, but the jury disagreeing, was discharged, and by agreement of parties, the 29th day of said month was set for a re-hearing : whereupon a jury was summoned, and sworn on the day last aforesaid, who, after hearing the evidence and arguments of counsel, decided that the property belonged to A. Kennerly, the claimant; whereupon said property was released. No other property of defendant found in St. Louis township whereon to levy and make the debt and costs in said case, or any part thereof.— J. Gordon, constable." It was admitted, that the property levied on by the sheriff, and found by the jury to belong to Kennerly, was sufficient to have satisfied the execution. It was also admitted, that the verdict of the jury, on the trial of the right of property, was as stated in the sheriff's return.

The plaintiff then offered to prove, that immediately upon the rendition of said verdict, he directed said defendant to proceed and sell so much of said property levied on, as aforesaid, as would satisfy his said judgment against Greene, notwithstanding said verdict, and that he at the same time offered a good and sufficient indemnity to said constable for so doing, to the admission of which evidence objection was made by defendant, and sustained by the court. The plaintiff then offered to prove that said verdict was wrong, which the court also, on objections being made, refused to admit. To the several objections of the court on this subject, exceptions were duly taken and saved by bill of exceptions.

The plaintiff then introduced evidence to show that there was property in the house of said Greene, at the time of the levy, other than that which had been levied on, to the amount of forty dollars, or thereabouts. The plaintiff also asked the court to instruct the jury, "that if they believed, from the evidence, that there was property belonging to and in the possession of H. L. Greene, (other than the property levied on by defendants,) and which the defendant might have levied on under the plaintiff's execution, they must find for plaintiff." The court refused this instruction. The verdict was for the defendant. A motion for a new trial was made and overruled, and exceptions duly taken and saved to the action of the court on this subject.

How far the inquisitions taken in pursuance of our statutes, to ascertain the right of property which has been levied on under execution, will protect the officers who act in accordance with such verdicts, is a question which has never been directly passed upon by this Court. It is a very important question in the practical administration of justice.

By the common law, the sheriff might summon a jury to satisfy himself of the right of property, and that inquisition, whilst it did not bind the right of property between the litigating parties, justified the sheriff in an action by the plaintiff for a false return. (Farr *vs.* Newman, 4 Term Rep., 633, 648.) But it formed no justification for seizing goods not belonging to the defendant in the execution, in-

an action of trespass by the claimant. (Townsend *vs.* Phillips, 10 J. R., 98.) Nor was it any justification, in an action for a false return, if the plaintiff tendered sufficient indemnity.—Van Cleef *vs.* Fleet, 15 Johns. Rep., 148; Hart *vs.* Dermer, 6 Wend., 497; Curtis *vs.* Patterson, 8 Cowen's Rep., 65.

It is said by Judge Ousley, in the case of Lampton *vs.* Taylor, (Littell's Select Cases, p. 274,) that although, at common law, it is a general rule, that wherever the consideration which is the ground of the promise, or the promise which is the consequence or effect of the consideration, is unlawful, the whole contract is void; yet the case of a promise to a sheriff to indemnify him for taking property under a *fieri facias* which is not subject to the writ, is said to form an exception, and such a promise has been held valid. For this, Cro. Jac., 652, is cited as authority. In the same case the court held, that after a jury had found the property levied on not subject to the execution, the plaintiff could compel the sheriff to sell, by giving the bond with security required by the act of assembly of that state. It appears that in Kentucky there is a statute authorizing such bonds, and in New York, where there is no statute on the subject, it has been held that they are legal, and when tendered to the sheriff will oblige him to sell, notwithstanding the inquisition found.

Our statutes are entirely silent in relation to bonds given to sheriffs to indemnify them for selling property not liable to the writ. Such bonds are not illegal, and the sheriff might protect himself in this way, if he thought proper; but it is clear, under our statute, that he is not bound to sell when such a bond is tendered. The act which provides for inquisitions by sheriffs to ascertain the right of property levied on under execution, makes the verdict of the jury, whichever way it goes, a complete indemnity to the sheriff, provided he acts in conformity with such finding. It authorizes a sheriff to summon a jury to try the right of property, whenever he is notified of a claim; empowers him to summon witnesses, compel their attendance and administer oaths to the jurors and witnesses, and declares that "the verdict of such jury, being rendered in writing, and signed by the foreman, shall be a full indemnity to such officer proceeding thereon."— Rev. Code, 1835, title, "Executions," p. 257.

The law, however, in relation to executions issuing from justices' courts, is couched in different language. That act provides, that the constable, upon a claim of property, may summon a jury, to try the right of property, and may administer the oaths to the jurors and witnesses, as in case of the sheriff, and that such jury shall be judges of the law and the fact; but it declares such finding to be an indemnity to the constable, only as *against the claimant*, when the property is found to be liable to the execution. (Rev. Code, 1835, title, "Justices' Courts," p. 367.) When the verdict is for the claimant, the law is silent as to its effects, except that it provides in such case that the plaintiff in the execution shall pay the costs.

Did the legislature mean to place the powers and privileges of sheriffs and constables on a different footing, in respect to their inquisitions? It must be acknowledged, that it is not easy to discover any reason why the constable and the sheriff should not be entitled to the same protection in the discharge of the same

*Fisher vs. Gordon.*

duties; and as the constable acts in a more limited sphere, both as it regards extent of territory and the value of property subject to his acts, this summary and *ex-parte* proceeding, in which the law and the fact are left to a jury without control and beyond revision, would seem to be less liable to abuse when conducted by the constable, than in the case of sheriffs, where more important interests are involved. It cannot be that an indemnifying bond was contemplated in the one case and excluded in the other, for, as we have seen, such bonds are not mentioned in the statute book, nor their validity at any place recognized, but the inquisitions which these subordinate ministerial officers are authorized to take seem designed to relieve them from all responsibility, and place their acts, so long as they are based upon such verdicts, beyond the reach of attack, either from the plaintiff or claimant. This is the spirit of the act concerning executions from justices' courts, if the general act concerning executions were erased from the statute book. No other construction can be placed upon it which will give its provisions any sensible operation. If the inquisition by the constable was held not to protect him from an action by the plaintiff, the constable would still be obliged to sell at his own risk, and there would be no inducement for the claimant to give notice of his claim, when he must know that whatever might be the issue, the constable would sell.

It may be well thought, that a court would not lean in favor of these inquisitions if any reasonable doubt could be entertained of the intentions of the law-making power. It was observed, by an eminent judge, in the case of Van Cleef *vs.* Fleet, that "it would be intolerable to consider these inquisitions as decisive of the right of property, considering the manner in which they are taken, and the great abuse to which such a proceeding is liable." Yet the inquisition is declared to be conclusive, by our statute, when taken by the sheriff; it is also declared to be conclusive when taken by the constable, as against the claimant. If it be conclusive when found in favor of the plaintiff, why should it be otherwise when found against him? There is no reciprocity or consistency in making it a bar in one case and not in the other.

For these reasons, we are of opinion that the Circuit Court of St. Louis county committed no error in refusing to permit the plaintiff to go behind the constable's return, with a view to set aside the inquisition of the jury. That finding was a protection to the officer, as well against the plaintiff as the claimant, and authorized him to return *nulla bona.*

In relation to the instruction which was refused by the court, it will be observed, that it was entirely too broad and comprehensive in its terms, and exacted a degree of diligence on the part of the officer which the law does not impose on him. The officer is bound to use reasonable diligence in searching for property. It is usual for the plaintiff to point out property where it is not known to the officer, but if it were pointed out by another, or if the officer had knowledge of such property, no matter how obtained, it would be sufficient to establish his liability.— Bell *vs.* The Commonwealth, 1 J. J. Marsh, 551.

But the instruction demanded by the plaintiff assumes that the officer is liable,

if there was property in possession of defendant not levied on, whether known to the officer or not; whether pointed out to him by the plaintiff or not; and whether it was in a situation where, by reasonable diligence, it could have been discovered or not.

Judgment affirmed.

SCOTT, *J.*—The impropriety of adopting the common law in relation to the inquisitions of sheriffs and constables to try the right of property between a claimant and the defendant in the execution, results from the existence of the statute making the verdict of a jury an indemnity to the officer against any action of the claimant. If an officer could be compelled by the plaintiff to sell, notwithstanding the verdict in favor of the claimant, then no person would interpose a claim at the risk of the payment of costs, when a verdict for him could be rendered ineffectual by compelling the officer to accept a bond of indemnity. The consequence of such a course would be, to render the statute nugatory, and thereby strip the officer of that protection which the law intended to give. The sheriff may, if he will, accept the bond of indemnity, and sell, and such a bond, whatever doubts may have been entertained to the contrary, would be held valid. If he should refuse, the plaintiff in the execution would not be without redress, as a court of equity would be open to his assistance.

The judgment must be affirmed.