The State of Missouri, to use of Lowe, v. Ownby et al.

————————

THE STATE OF MISSOURI, TO USE OF OBADIAH LOWE, Respondent, v. JOHN W. OWNBY et al., Appellants.

1. *Sheriff — Execution — Bond, action on — Measure of liability.*—A sheriff is bound to use reasonable diligence in searching for property on which to levy. It is usual for the plaintiff to point out property where it is not known to the officer; but if it were pointed out by another, or if the officer had knowledge of such property, no matter how obtained, and failed to make a levy, it would be sufficient to establish his liability on his bond. But his liability does not follow from the mere fact that there was property in possession of defendant not levied on, without proof that he knew of the property or might have ascertained about it by the exercise of reasonable diligence.

2. *Sheriff — Bond, suit on — Default — What allegation may be inquired into after.*—In suit on a sheriff's bond for failure to levy upon property sufficient to satisfy an execution, the truth of the allegation that the sheriff had notice of the execution-defendant's having property subject to execution, is not admitted by a default taken in the case; but, under the statute (Wagn. Stat. 240, § 7), must be inquired into. Proof of the existence of such property, and consequently of his knowledge thereof, pertains to the condition and breach, not to the penalty or the execution of the bond.

*Appeal from Adair Circuit Court.*

*Barrow & Millan,* for appellants, cited in argument, among other authorities, Taylor v. Wimer, 30 Mo. 126.

*Harrington & Cover,* for respondent.

BLISS, Judge, delivered the opinion of the court.

This is a suit on a sheriff's bond. After an answer was put in by some of defendants, the suit was dismissed as to them and a default taken against the others, and the court proceeded with a jury to inquire into the breaches and the damages, as required by statute. The petition contained three counts: the first for failing to pay over money received from sales of real estate upon execution in favor of the relator, Lowe, and against one Linder; the second for failing to make return of the execution, and the third for failing to levy upon property sufficient to satisfy it. The jury gave a verdict of $146 upon the first count, six cents upon the second, and $616 upon the third. Defendants complain chiefly of the instructions, and it is only necessary to consider the one pertaining to the third count, which is as follows: "If the jury believe from the evidence that said John W. Ownby failed to ·levy said execution on sufficient property to make the amount of said execution, and that the said Linder owned sufficient property out of which to make the same, then the jury will find for the plaintiff the amount of money in said execution due plaintiff, with interest," etc.

The question is here presented whether a sheriff is bound, at all hazards, to find and levy upon the property of an execution-defendant, or whether he is excused if he has used due diligence to find the same, although he has failed to discover property which, if found, would have satisfied the execution.

This is not a new question. In regard to a similar instruction, Napton, J., in Fisher v. Gordon, 8 Mo. 386, says "that it was entirely too broad and comprehensive in its terms, and exacted a degree of diligence on the part of the officer which the law does not impose on him. The officer is bound to use reasonable dili-

gence in searching for property. It is usual for the plaintiff to point out property when it is not known to the officer, but if it were pointed out by another, or if the officer had knowledge of such property, no matter how obtained, it would be sufficient to establish his liability. (Bell v. Commonwealth, 1 J. J. Marsh. 551.) But the instructions demanded by the plaintiff assume that the officer is liable if there was property in possession of the defendant not levied on, whether known to the officer or not; whether pointed out to him by the plaintiff or not; and whether it was in a situation where, by reasonable diligence, it could have been discovered or not."

The provisions in the Revised Code of 1835, in force when this decision was given (p. 260, § 52), are the same, so far as this question is affected, as the law now in force, and the above remarks settle the sheriff's liability in so satisfactory a manner as to·leave nothing to be added.

But the respondent claims that the fact that the sheriff had notice that the execution-defendant had property subject to execution was admitted by the default. The execution of the bond is admitted, but the truth of the assignment of the breach must be inquired into (Gen. Stat. 1865, § 7, ch. 150 ; Wagn. Stat. 240), and the evidence showing the existence of property subject to execution pertains to the condition and breach alone, not to the penal part of the instrument or its execution. This was the theory upon which the case was tried ; evidence was submitted upon the facts set out in the assignment of the breaches, and the above, with other instructions, given. The fact that the sheriff had notice of property belonging to the execution-defendant, was no more admitted than the existence of the property or any other fact which the court proceeded to inquire into.

The other judges concurring, the judgment will be reversed and the cause remanded.