GOODELL v. HARRINGTON, appellant.

*Evidence — finding of inquisition presumptive of insanity — opinions of witnesses.*

In an action upon two agreements executed by defendant, one in 1859, and the other in 1862, the defendant set up, as a defense, insanity. On the trial he offered in evidence a writ *de lunatico inquirendo*, issued June 11, 1868, and the inquisition taken thereon, which showed that he had been a lunatic, but with lucid intervals, for ten years. *Held*, that the evidence was admissible. The inquisition was *prima facie* evidence that the defendant was insane before the agreements were made, and the burden was cast upon the plaintiff of showing that such agreements were made during lucid intervals, or that in point of fact the inquisition was erroneous.

*Held*, also, that permitting non-professional witnesses to give their opinions as to the mental condition of the defendant at different times, was error.

APPEAL from a judgment entered upon the report of a referee in favor of the plaintiff. The action was brought by John Goodell against Silas Harrington upon two agreements between plaintiff and defendant. The facts are sufficiently stated in the opinion.

*C. C. Torrance*, for appellant.

*Abram Thorn*, for respondent.

GILBERT, J.   This action was commenced in December, 1868. It was brought upon two agreements whereby the defendant agreed to pay the plaintiff for certain services, and to re-imburse him for certain expenses in and about legal proceedings which had been taken for the purpose of establishing a will supposed to have been made by the defendant's deceased father, and which it was thought had been suppressed by a brother of the defendant.   One agreement was made July 16, 1859, and the other April 4, 1862.   The defendant set up, among other defenses, that of his own insanity at the times when the agreements respectively were made.

The claim of the plaintiff seems to be a meritorious one, and so far as we have been able to discover, the proceedings before the referee were correct, except in two particulars, relating to the rejection and admission of evidence.

The defendant offered in evidence a writ *de lunatico inquirendo,* issued June 11, 1868, for the purpose of ascertaining whether the defendant was a lunatic, and if so, for what period, and the inquisition thereon returned December 24, 1868.   The inquisition showed that the defendant had been a lunatic, but with lucid intervals, for ten years before it was taken.   The referee rejected the evidence, and the defendant excepted.   We think the referee erred; such inquisitions are *prima facie* evidence, even against strangers to the proceedings.   *Sergeson* v. *Sealey,* 2 Atk. 412; *Faulder* v. *Silk,* 3 Camp. 126; *Hall* v. *Warren,* 9 Ves. 609.   In the last case, a defendant in a suit in equity resisted the specific performance of an agreement, on the ground of insanity, and in support of that allegation, an inquisition, by which the defendant was found a lunatic from a period long antecedent to the contract, was received, and held to be *prima facie,* although not conclusive, evidence.   So in *Rowing* v. *Reane,* 2 Phil. Eq. 69, such an inquisition was received for the purpose of invalidating a marriage.   The principle of these cases has been distinctly adopted by the courts of this State in several instances, and must be regarded as settled.   *Hart* v. *Deamer,* 6 Wend. 497; *Osterhout* v. *Shoemaker,* 3 Hill, 513; *Wadsworth* v. *Sharpsteen,* 8 N. Y. 388; *Demelt* v. *Leonard,* 19 How. 141.

The result is this— the inquisition being *prima facie* evidence that the defendant was insane before the agreements were made, it should have been received, and then the burden would have been cast upon the plaintiff of showing that the agreements were made during a lucid interval, or that in point of fact the inquisition was

erroneous. We might get over this objection if it clearly appeared, by competent evidence, that the defendant was not insane; but all the evidence on this subject is objectionable. The referee erred in permitting non-professional witnesses to give their opinion as to the mental condition of the defendant at different times. For example, the witness Isaac Brown was asked, and answered this question, namely, "what is your opinion as to his being crazy at any time." The defendant duly excepted to the rulings of the referee on this subject, and we think such exceptions were well taken. *Clapp* v. *Fullerton*, 34 N. Y. 190; *Sisson* v. *Conger*, 1 N. Y. Sup. 564. The striking out of the testimony of this character would leave the question of the insanity of the defendant in great doubt.

For the errors stated, the judgment must be reversed and a new trial granted, costs to abide the event.

*New trial granted.*