Bradley, J.
Patrocles Blaker made the alleged will in August, 1880, and died at the age of eighty-six years, in November, 1886. By the will he gave to his wife the use and income of all his property-, during her life, and after her death the use of it to his seven children during their lives, share and share alike, and after the death of each. child he directed the division of the share of such deceased child equally between his grandchildren then living. 6 The probate was contested by one of the children of the testator mainly on the ground of want of capacity to make it, and that the power of alienation of the real estate and the absolute ownership of the personal estate were unlawfully suspended. Upon the question of the mental condition of the testator at the time the will was made much evidence was given, from all which it is evident that he was then physically and mentally considerably enfeebled. And the evidence on the part of the contestant tended to prove, and taken as true, permitted the conclusion that he was then in a condition of mental imbecility, and incompetent to appreciate the situation and extent of his property, or his relation to those who were the natural objects of his bounty. While the evidence given by the draftsman of the will and other witnesses tended to prove that he was then competent to make it.
The person who drew the will does not appear to have had any interest in the fact or manner of the disposition of the property of the ‘ decedent. He says that the provisions of the will are pursuant to the directions given him by the testator, who gave him the names of the children and stated the manner of disposition and distribution, of which the witness took a memorandum and produced it at the trial; that he drew the will accordingly, which was read to and approved by the testator.
While there is some conflict of evidence in respect to the fact of approval, the surrogate was permitted upon the evidence to find the fact in the affirmative. The will was not unreasonable in its provisions, in view of the amount *743 of the testator’s property, which is said to have amounted to about $15,000. There were several exceptions taken by the contestant to the exclusion of evidence. And some of the evidence so excluded was admissible^ but in most instances evidence similar in character to that so rejected was introduced, and after a careful examination of all the evidence, we think the contestant was not prejudiced by these rulings, and therefore, the decree should not for such error be reversed. Code Civ. Pro., §2545; Matter, etc., of Morgan, 104 N. Y., 75. The inquisition taken upon the commission issuéd to inquire into the lunacy of the testator was properly excluded because it did not embrace within the time which he was declared to be such, a period earlier than April, 1883, nearly three years after the will was made. Hart v. Deamer, 6 Wend., 497; Hicks v. Marshall, 8 Hun, 327.
There is no unlawful suspension of alienation or of the absolute ownership of the property, real or personal. The widow takes the use during her life. The children take the use as tenants in common, not as joint tenants during their lives. And on the death of each of the latter, the portion in which he took a life estate by the will is relieved from the suspension and vests in the grandchildren of the testator.
And thus no portion of the estate is within the limitation upon alienation and absolute ownership for a longer period than two lives in being at the time of the testator’s death. Monarque v. Monarque, 80 N. Y., 320. And in that respect this is distinguished from the cited case of Ward v. Ward, 105 N. Y., 68; 6 N. Y. State Rep., 798.
The question whether the testator had a sound disposing mind and memory at the time he made the will appears by the record to have been a close one, but it was one fact presented by the evidence, upon which we think the conclusion of the court below was justified. And as the result was in support of the will, we see no occasion to direct a new trial.
The decree should be affirmed.
Smith, P. J,, Barker and Haight, JJ,, concur.