W. H. REMDALL, RESPONDENT, *v.* S. O. SWACKHAMER, APPELLANT.

SHERIFF'S JURY—EFFECT OF VERDICT.—The verdict of the jury, rendered in writing and signed by the foreman, under section 284 of the Civil Code, operates as a full indemnity to the sheriff proceeding in accordance therewith.

IDEM.—Where the verdict is against the claimant, he can not afterwards maintain an action against the sheriff for the recovery of the possession of the property, or for damages for taking it, so long as the sheriff proceeds in accordance with the execution under which the property was seized.

APPEAL from Union County. The facts are stated in the opinion.

*Baker & Eakin, and Dolph, Bronaugh, Dolph & Simon,* for appellant:

It will be at once perceived that the correctness of the ruling and judgment of the court below, in deciding that the facts stated in said portion of the answer which was stricken out are insufficient to constitute a valid defense in this action, depends upon the proper construction of the meaning and effect of sections 283 and 284 of title 1, chapter 3, page 166 of our civil code. What is meant by the language used in said section 284, wherein it is declared that " the

verdict of such jury being rendered in writing, and signed by the foreman, shall be a full indemnity to the sheriff, proceeding in accordance therewith, but shall not preclude the claimant from maintaining an action at law for the recovery of the possession of such property or for damages for taking the same?"

We believe and maintain that the only possible, rational interpretation of this statute is that the sheriff is fully exonerated by such verdict, leaving the claimant to seek redress by maintaining his action for the recovery of the property, or its value, and for damages for taking the same against the plaintiff in the execution or the purchaser at sheriff's sale. We are at a loss to perceive how or in what sense the verdict can be at all an indemnity, much less a "full indemnity" to the sheriff, if he is nevertheless still liable for the return of the property, or its value, to the claimant, and for damages for taking the same, which is all that could be recovered if the verdict were no indemnity whatever to him, or if he occupied the position of a private person, found guilty in replevin in the *cepet* and *detinet*.

A construction similar to that for which we thus contend, has been placed upon analogous statutes in the following cases: *Storms* v. *Eaton*, 5 Neb. 453; *Patty* v. *Mansfield*, 8 Ohio, 369, 370; 11 Ohio St. 532; *Abbey* v. *Searls*, 4 Id. 598; *Ralston* v. *Oursler*, 12 Id. 111; 18 Ind. 439; *Jones* v. *Carr & Co.*, 16 Ohio St. 420; *Fisher* v. *Gordon*, 8 Mo. 387; *Canifax* v. *Chapman*, 7 Id. 175; *Rowe* v. *Bowen*, 28 Ill. 117.

The California decisions are based upon an entirely different statute, which does not make the verdict of the sheriff's jury any protection whatever to the officer, but only advisory to him. (See *Perkins* v. *Thomburgh*, 10 Cal. 189–192.)

*Frank M. Ish and Shattuck & Killin*, for respondent:

The sole point presented by this transcript is, whether the verdict of a sheriff's jury constitutes an adjudication or judgment which bars the claimant thereafter to set up title to the property. Section 283 of the Civil Code provides that "when personal property shall be seized by virtue of

any execution, and any person other than the defendant shall claim such property or any part thereof, and shall give notice thereof in writing, the sheriff may summon from his county six persons qualified as jurors between the parties to try the validity of the claim, giving five days' notice of the time and place of the trial to the plaintiff in the execution, or his attorney."

And there are in section 284 the following provisions: " On the trial, the defendant and claimant may be examined by the plaintiff as witnesses, and the verdict of such jury being rendered in writing and signed by the foreman, shall be a full indemnity to the sheriff, proceeding in accordance therewith, but shall not preclude the claimant from maintaining an action at law for the recovery of the possession of such property, or for damages for taking the same." Section 286 provides that notwithstanding the verdict may be for claimant, the plaintiff may have the property sold by indemnifying the sheriff. There is no provision for notice to claimant of the time and place of trial and no provision for appeal.

This verdict can not be pleaded as a bar unless it is " the final determination of the rights of the parties." (Civil Code, sec. 240.) This is not a judgment, because not rendered by any court. There are no courts under our constitution except supreme, circuit, county, and justice courts. (Constitution, art. 7, sec. 1, p. 87.)

The plea is bad for uncertainty. *Jacob Bros. & Co.* v. *James Remdall et al.* is not a sufficiently definite description of the parties to the judgment. The greatest effect such a verdict can have is as evidence on the measure of damages.

Herman on Executions, sec. 189, in speaking of these inquisitions, says: " Which action by the officer may be given in evidence to prove that he acted without malice and will mitigate damages in an action against him for taking the goods from a third person." " And as it is not a proceeding immediately from the tribunal from which the process issues, but merely to indemnify the officer in making his return to the writ, they will not set aside the verdict of a jury, summoned by an officer to inquire in whom the property, in

the goods seized by him under an execution, is vested." "But this proceeding is not conclusive in any case * * * and the verdict is admissible neither for the claimant nor the officer in an action against him for trespass." (Freeman on Executions, 254, 275; 12 Ill. 387; 28 Id. 116; 10 Cal. 190; 28 Id. 123.) At common law plaintiff had the right to bring his action against the sheriff. (9 Am. Dec. 104 and note; 2 N. H., 412; 12 Am. Dec. 393; 2 A. K. Marshall, 268; 3 Cal. 369; 14 Id. 194; 30 Id. 190; 14 Johns. 84; 20 Id. 465; 3 Wend. 280.)

The plea in this case was certainly bad unless the right of action was gone, unless the verdict was an adjudication between the parties. It could not be an adjudication because it was not in any court, and because the statute expressly declares that it shall not preclude the claimant.

By the Court, WATSON, J.:

This is an action against the sheriff of Union county, for the recovery of certain personal property seized by him on execution, and damages for the taking.

After the sheriff had taken possession of the property as the property of James Remdell, defendant in said execution, the respondent served a notice, in writing, upon him, claiming the property. Thereupon the sheriff summoned a jury to try the validity of the claim, gave notice to plaintiff in the execution, and a trial was had in substantial conformity to the provisions of sections 283 and 284 of the code, resulting in a verdict adverse to the claimant. Notwithstanding the verdict of the jury, and while the property was yet in the sheriff's hands, the respondent brought this action.

The defendant pleaded the verdict as a defense to the action, which plea and defense was stricken out of the answer by the court, on the motion of respondent, as irrelevant, and this order of the court below is assigned as error on this appeal.

The particular question presented to this court for determination is, whether the verdict of a sheriff's jury against the claimant, under sections 283 and 284 of the Civil Code, can be pleaded as a full defense by the sheriff to an action

brought by the claimant against him for the recovery of the property, and damages for taking it.

Section 284 declares that the "verdict of such jury, being rendered in writing and signed by the foreman, shall be a full indemnity to the sheriff proceeding in accordance therewith, but shall not preclude the claimant from maintaining an action at law for the recovery of the possession of such property, or for damages for taking the same." The question is upon the meaning and validity of this section. If the legislature had simply mooted that "the verdict of the jury, rendered in writing and signed by the foreman, should be a full indemnity to the sheriff proceeding in accordance therewith," there would be no difficulty in ascertaining the meaning.

If the verdict should be for the claimant, the sheriff would be justified in delivering the property to him, unless the plaintiff in the execution tendered the written undertaking of indemnity provided for in section 286, and thereby made it his duty to proceed and sell the property notwithstanding the verdict, or if it should be against claimant, the sheriff would be fully protected by it in retaining possession of the property, and disposing of it according to the commands of the execution.

In either case he would be proceeding in accordance with the verdict, and no action would lie against him either to recover possession of the property or for damages. Such would be the obvious and natural import of the words employed. But by the succeeding clauses of this section, it is declared that "the claimant shall not be precluded by the verdict from maintaining his action at law for the recovery of the property, or for damages for taking the same."

Do these clauses mean that the claimant may, notwithstanding the verdict against him, maintain his action against the sheriff for the possession of the property, or for damages for taking it? If this is the true meaning, it is obvious that the "full indemnity" provided for the sheriff in the preceding part of the section, is greatly impaired; in fact, for all practical purposes, destroyed. There would be no "full indemnity," practically no indemnity at all. It would

be in the power of the claimant, in every case, after a verdict adverse to him, to bring his action against the sheriff while the property still remained in his hands, to recover possession of it, with damages for the taking and detention, and if he proceeded in accordance with the verdict to retain possession of the property, and dispose of it in obedience to the commands of the execution, it would be at his peril.

By the common law a sheriff might, upon his own motion, summon a jury to inquire into the right to property, and the verdict, while it did not determine the right of property between the litigating parties, protected the sheriff against an action for a false return by the plaintiff in the execution, when the return was *nulla bona* in accordance with the verdict of the jury. (*Fisher* v. *Gordon*, 8 Mo. 386; *Bayley* v. *Bolis*, 8 Johns. 185; Crocker on Sheriffs, sec. 446.)

This is the original of our statute, and the statutes of other states upon the subject, where the consequences and effects of such verdicts have been extended and rendered more important. In some of the states, under their peculiar statutes, the proceeding has become judicial, and the verdict and judgment thereon is a final and conclusive determination of the right of property. (Act of Penn. of April 10, 1848; 1 Purden's Digest (10 ed.), 643; 68 Penn. St. 60.)

In Missouri, Ohio, and Illinois, the proceeding has been held not judicial, and yet the courts of those states have uniformly held that the sheriff was entitled to whatever protection their peculiar statutes declared he should have under this proceeding, and that those statutes did not conflict with the provisions of their state constitutions, in every respect similar to our own. (*Fisher* v. *Gordon*, 8 Mo. 386; *Schroeder* v. *Clark*, 18 Id. 184; *Patty* v. *Mansfield*, 8 Ohio 370; 16 Ohio Stat. 420; *Rowe* v. *Bowen*, 28 Ill. 116.)

We think these, and numerous other authorities, not necessary to cite, settle the question as to the validity of these proceedings, and fully entitled the sheriff to whatever measure of protection the particular statute under examination intended he should have. But the question still remains as to the extent of the protection intended to be afforded the sheriff by our own statute.

In *Patty* v. *Mansfield*, 8 Ohio, 370, above cited, on a statute which provided that "such judgment for the claimant as aforesaid, shall be a justification to the officer in returning *nulla bona* to the writ of execution, by virtue of which the levy had been made as to such part of the goods and chattels as were found to belong to such claimant," the court held that the decision being adverse to the claimant, protected the sheriff against an action of replevin by the claimant for the property, and a plea thereof a full defense to such action. In rendering this decision Judge Hitchcock says: "As the statute does not specifically declare that in such case the officer shall be protected, it seems to be supposed by the plaintiff in the present case that he may be subsequently subjected to an action at common law for the property, or to respond in damages for its value. We think, however, that such is not a proper construction of this statute. We suppose that in the enactment of this law the legislature had two objects in view; one was to enable an individual whose property had, through mistake, been levied upon, to recover the possession in a summary manner. The other, and the principal, was to furnish protection to an officer of the law, who should make a mistake in the discharge of his duty. This latter object would not be effected, if, after a trial of the right of property, and a decision against the claimant, the officer could still be subjected to an action at his suit."

A construction almost as broad was adopted by the supreme court of Missouri in the case of *Schroeder* v. *Clark*, 18 Mo. 184, cited above. The statute provided that "if the jury find the goods and chattels to be the property of the defendant in the execution, the verdict, as against the claimant, shall justify the officer in selling such goods and chattels." The court held upon this statute that a verdict adverse to claimant was a bar to an action by him against the officer for the possession of such property.

Adapting the liberal principles of construction observed by the highest courts in many of the other states, in determining the meaning and intention of similar statutes upon the same subject, we feel bound to so construe our own as

to give the sheriff acting in good faith, and in the line of official duty, the fullest indemnity which a due regard for established rules of construction will allow, keeping in view the object of the statute, and in order to give every part of it a reasonable effect, to reconcile all its provisions, and escape any repugnancy which would render any part void, or the whole ineffectual for the fulfillment of its evident purpose and design, we hold that the effect of the verdict of the sheriff's jury under consideration was to fully indemnify and protect the sheriff against any action by the claimant, for acts done by him under and by virtue of the execution; that the clauses in said section 284, succeeding the one giving "full indemnity," and formally declaring the right of the claimant to still maintain his action to recover possession of the property, or for damages for taking the same, notwithstanding the verdict, should not be construed as referring to the sheriff, or in any manner affecting his "full indemnity," but as referring to other parties than the sheriff, who are neither bound by the result in this proceeding, nor derive any immunity therefrom. (Dwarris on Stats., 660, 706; Sedgwick on Stat. and Com. Law, 57, 60, 62, 63.)

If this view of the law is correct, it was error in the circuit court to strike out the portion of appellant's answer setting up the respondent's claim and adverse verdict of the sheriff's jury thereon as a defense to the action, and for this reason the order and judgment of the court below must be reversed, and the cause remanded for further proceedings in accordance with this decision.