[Filed November 24, 1886.]

## A. L. HEXTER v. H. SCHNEIDER.

PLEADING — AMENDMENT — WAIVER OF ERROR.—The filing of an amended answer is a waiver by a defendant of any objection to the ruling of the court, sustaining a motion to strike out an original answer.

REPLEVIN—DEMAND, WHEN UNNECESSARY.—No demand by the plaintiff is necessary before beginning an action of replevin against an officer who has seized his property on an attachment against a third person.

SAME—PROPERTY CLAIMED BY THIRD PERSON. —The verdict of a jury called by an officer to try the question of the ownership of property attached and claimed by a third person will protect the officer, but it does not conclude the claimant.

PLEADING—AMENDMENT — DISCRETION OF COURT.—Amendments are in the discretion of the trial court in furtherance of justice, and will not ordinarily be allowed to give one of the parties a technical advantage over the other. This court will not interfere with the ruling thereon, unless in case of plain abuse of discretion.

JUDICIAL SALE—CAVEAT EMPTOR.—*Caveat emptor* is the rule at all execution sales, and whoever buys at such sales does so at his peril. His good faith will avail nothing against the true owner who is not a party to the process.

EXPRESS TRUST—JOINDER OF PARTIES.—Where a third person furnished money to the plaintiff to purchase the property in controversy for the use of such third person, and the plaintiff took a bill of sale thereof in his own name, he thereby became the trustee of an express trust, and could sue on the contract in his own name without joining the *cestui que trust.*

MULTNOMAH COUNTY.   Defendant appeals.   Affirmed.

The property in question was acquired by the plaintiff, Hexter, by purchase from the firm of Clinton & Fagan, and had been attached by. Buckley, of San Francisco, and the property in controversy was then in the hands of the sheriff. Fleckenstein & Mayer procured the plaintiff Hexter to purchase the property of said C. & F., and thereby enable them to have said attachment released. F. & M. furnished money to said Hexter with which to make such purchase. The attachment was released, and a bill of sale executed by Clinton & Fagan to the said Hexter; and the property was thereupon delivered to said Hexter. Hexter placed Clinton in charge of the property, and continued the business on his own account and in his own name for some time, until finally it was closed. The property was afterwards sold on an execution against Clinton, and purchased by the defendant. Other facts appear in the opinion.

*F. V. Drake*, for Appellant.

*Joseph Simon*, for Respondent.

STRAHAN, J.—This is an action of replevin, brought to recover the possession of one McNeal & Urban safe, and one Decker piano, alleged to be of the value of $600, and damages for their detention in the sum of $50. The amended answer denies all of the allegations of the complaint, except the taking and detention of the goods.

The defendant alleges, by way of justification of the taking

and detention, that on the 12th day of May, 1885, one F. Berliner commenced an action against one R. Clinton, in Madison Precinct, Multnomah County, Oregon, to recover $190; that an attachment was duly issued in said action, and that said constable duly served the summons therein on the defendant, and attached the property in controversy as the property of R. Clinton, the defendant therein; that on the 20th day of May, 1885, a judgment was duly rendered in said action against the defendant for $190, and $66.70 costs; and that an execution was duly issued on said judgment and the attached property applied thereon and sold by virtue of said execution; and that at such sale the defendant herein became the purchaser of said property for the price and sum of $180, which he then and there paid to said constable; and that said constable then and there executed and delivered to him a bill of sale thereof. The answer also alleges that at the time of the sale the plaintiff was present and made no claim to the property, nor forbade the sale, nor gave defendant notice of his claim; and that defendant believed and understood that he would acquire title to said property; that it had theretofore been, and was then, the property of said R. Clinton; and that defendant bid and paid his money in good faith, under full conviction that said property was the property of said R. Clinton and of no other person; that plaintiff's silence was a fraud upon defendant; and that plaintiff ought not to be heard now to assert any right or title to said property; and that he is estopped to assert ownership or right of possession to all or any part of said property.

The reply denied the new matter in the answer. Trial in the court below, and verdict and judgment for the plaintiff, from which the defendant has appealed to this court.

Numerous errors are assigned by the appellant. Such of them as appear to require it, I will now consider.

The appellant assigns error in the ruling of the court on the plaintiff's motion to strike out parts of the defendant's original answer. This question is not before us, for the reason that after the motion had been allowed by the court, the defendant filed an amended answer. This was a waiver of all questions

touching the original answer, or of the rulings of the court in relation to the same.

If the property in controversy was the plaintiff's property, then the seizure thereof by virtue of an attachment against Clinton was clearly wrongful, and no demand was necessary before the commencement of the action. Nor did the court err in excluding all evidence in relation to the trial before the constable. The verdict of the jury called by the officer to try the question of the ownership of the property will protect the officer, but it does not conclude the rights of the claimant. The statute plainly provides that the verdict of the jury " shall be a full indemnity to the sheriff proceeding in accordance therewith, but shall not preclude the claimant from maintaining an action at law for the recovery of the possession of such property, or for damages for taking the same." (Civil Code, Sec. 284.)

Nor did the court err in refusing to allow the defendant to plead in abatement during the progress of the trial. Amendments are in the discretion of the trial court, and this court would not interfere with that discretion, unless in case of plain abuse of discretion. Further, amendments are allowed in furtherance of justice, and not ordinarily to give one of the parties a purely technical advantage over the other. There was no error in the ruling of the court on this application.

*Caveat emptor* is the rule at all execution sales; and, therefore, whoever buys at such sale does so at his peril. (*Hexter* v. *Poppleton,* 9 Or. 482.) One wishing to purchase property at a judicial sale must take the precaution to inform himself as to the ownership of the property about to be sold, and not rely blindly upon his own good faith. It will avail nothing against the true owner, who is not a party to the process. There was no error in the ruling of the court on the subject of the estoppel. The defendant insists that the bill of sale of the property in controversy made by Clinton & Fagan to the plaintiff was for the use of Fleckenstein & Mayer, and therefore the plaintiff cannot use it as evidence of his title in the property sued for. If this were true, the conclusion which the appellan

seeks to deduce from it would not follow.    If this contract was made in the name of Hexter for the benefit of Fleckenstein & Mayer, then he is a trustee of an express trust, and may sue on the contract, or use it in evidence in an action dependent upon it, without joining Fleckenstein & Mayer in the action. (Civil Code, Sec. 29; Pomeroy's Remedies and Remedial Rights, Secs. 175, 177.)

The instruction given to the jury as to the nature and character of the instrument in writing made by Clinton & Fagan to the plaintiff, that is, whether it was a mortgage or bill of sale, stated the law as favorably to the defendant—perhaps more so—than he could have claimed under the facts.    There seems to have been no question but that the property in controversy was either mortgaged to the plaintiff by Clinton & Fagan, or it was sold to him.    The court submitted each of these questions fairly to the jury, and no error is shown.    This disposes of every question requiring notice.

The judgment appealed from is affirmed.    The other judges concur.