## VULCAN IRON WORKS *v.* EDWARDS.

[36 Pac. 221; 39 Pac. 403.]

</div>

1. SHERIFF'S JURY — CODE, § 286 — CLAIMS BY THIRD PERSONS TO PROPERTY
SEIZED ON EXECUTION — "CLAIM" DEFINED.— Under Hill's Code, § 286,
providing that when any third person shall claim property seized in
execution, and give written notice thereof, the sheriff may summon a
jury to try such claim, a person who notifies the sheriff in writing that
he owns the property seized, and demands possession, thereby authorizes
him to have such claim tried by a sheriff's jury, though no formal request
was made therefor, and though the claimant may not have either under-
stood or intended the legal effect of his notice.   In such cases the word
"claim" means any assertion of ownership or demand for possession.

2. RIGHT TO SHERIFF'S JURY — CODE, § 286.— A claimant of property levied
upon by the sheriff under a writ of execution, who notifies the latter in
writing that he is the owner, and demands that possession shall be forth-
with delivered to him, or the sheriff will be held in damages for the taking
and detention, cannot deprive the sheriff of the right given him by Hill's
Code, § 286, to try the validity of the claim by a sheriff's jury, by notify-
ing him not to proceed with the trial, unless such claimant withdraws
his claim.

3. WHEN SHERIFF MAY CALL A JURY — CONCLUSIVENESS OF VERDICT — CODE, §§ 286, 287, 288.— The remedy afforded by Hill's Code, § 286, providing that when any personal property is seized on execution, and any person other than defendant claims it and gives notice thereof in writing, the sheriff may summon a jury to try the validity of the claim, is invoked when the claimant gives such notice; and he is bound by a verdict against him to the extent of being precluded from further action against the sheriff, although he may not participate in the trial, provided, of course, that he has not withdrawn his claim in the manner prescribed by section 288 of the code.

4. CLAIM TO ATTACHED PROPERTY — NOTICE — CODE, §§ 156, 286.— Section 156 of Hill's Code, relating to claims by third persons to attached property, and section 286, relating to executions, are parts of an act passed in eighteen hundred and fifty-four relating to both attachments and executions, and should be construed together.  The notice referred to therein should be in writing in each case.

5. NOTICE NOT TO CALL SHERIFFS' JURY — CODE, §§ 286, 288.— Where a claimant of property seized in execution notifies the sheriff in writing of his claim, as prescribed in Hill's Code, § 286, and the sheriff calls a jury to try the claim, as authorized by said section, the claimant does not preclude the sheriff from trying the claim by notifying him before the trial not to proceed therewith, or by replevying the property.  The exclusive method of avoiding a trial by a sheriff's jury when once it has been demanded is given in section 288, providing that " the claimant may withdraw his claim."

6. ESTOPPEL BY WITHDRAWING DEMAND FOR SHERIFF'S JURY.— The fact that a claimant of property seized in execution, after notifying the sheriff in writing of his claim, withdraws the same, as authorized by Hill's Code, § 288, before a trial to test it is had, does not estop him to pursue any other remedy with reference to the property, against the sheriff or any other, before the execution sale.

APPEAL from Tillamook: GEO. H. BURNETT, Judge.

This is an action to recover possession of certain personal property levied upon by the defendant as sheriff under a writ of execution against one Williams.  After the defendant had taken possession of the property under the writ, the plaintiff notified him in writing that it was the owner of the property seized, and demanded that possession thereof be forthwith delivered to it, or he would be held in damages for the taking and detention; whereupon the sheriff proceeded to summon a jury

under section 286 of the Code to try the validity of said, claim, but before the trial was had the plaintiff, without withdrawing its claim, notified him in writing that it did not desire a trial of its claim by a sheriff's jury, and would not be bound by or submit to such a proceeding, and immediately commenced this action. Notwithstanding such notice and the commencement of the action, the defendant proceeded with the trial in plaintiff's absence, which resulted in a verdict against the validity of plaintiff's claim; and such verdict being pleaded, was held by the trial court to be a full defense to such action, and such ruling is the only error assigned on this appeal.

AFFIRMED.

For appellant there were briefs by *Messrs. Cox, Cotton, Teal and Minor* and *Wm. H. Winfree,* and oral arguments by *Messrs. Winfree* and *Wirt Minor.*

For respondent there were briefs and oral arguments by *Mr. Thos. B. Handley.*

Opinion by MR. JUSTICE BEAN.

In *Remdall* v. *Swackhamer,* 8 Or. 502, and in *Capital Lumbering Company* v. *Hall,* 9 Or. 93, it was held that the verdict of a sheriff's jury under section 286, Hill's Code, is a complete indemnity to a sheriff proceeding in accordance therewith, and, if against the claimant, is a complete defense to an action by such claimant against the sheriff. But the contention for the plaintiff is (1) that the sheriff can summon such jury and proceed with the trial only at the request of the claimant, and that a statement of ownership and demand of the property in writing, which on its face shows an intention to hold the sheriff responsible, is not such a request; and (2) that if such a claim and demand is sufficient to authorize the sheriff to institute pro-

ceedings-under the statute, it may be revoked at any time before the trial is had.

1.   At common law, if the sheriff had any doubt, however acquired, respecting the title to property levied upon, he could, for his own protection and on his own motion, summon a jury to inquire into the title, and a verdict in favor of the claimant, it was held, would justify him in returning the execution *nulla bona,* and be a complete defense in an action for a false return: *Farr* v. *Newman,* 4 Term Rep. 633; *Bailey* v. *Bates,* 8 Johns. 184.   The justice and propriety of protecting a purely ministerial officer from undue peril in the discharge of one of the most embarrassing duties of his office has caused many, if not most, of the states of the Union to preserve and reënact by statute in some form the principles of the common law: Murfree on Sheriffs, Chap. XIII.   But this legislation differs so widely in detail and method of procedure that the adjudicated cases thereunder afford but little assistance in arriving at the proper construction of our statute upon the point involved in this case.   The general tendency, however, as exhibited by this class of legislation, is to depart from the rigor of the old rule that in all cases "the sheriff acted at his peril," and to exact from him only a reasonable service and liability, and afford him a reasonable protection.   If the sheriff, under an execution, seizes property which does not belong to the defendant in the writ, he is a wrongdoer, and liable in an action by the owner without any demand or notice: *Hexter* v. *Schneider,* 14 Or. 184 (12 Pac. 668); Murfree on Sheriffs, § 962; Freeman on Executions, 254.   If, however, the property seized is that of the defendant in the writ, and he releases it after the levy, he becomes liable to the plaintiff in the execution.   He is, therefore, often placed in an embarrassing and perilous position, for if he retains the property he may be sued by the claimant, and if he does

not he may be liable to an action by the plaintiff in the execution.    To remedy this evil, and to protect the officer when a claim is made for the property in writing by some person other than the defendant in the writ, is the purpose and object of the statute, which enables him in such case to interpose the verdict of a jury as his justification for selling the property or returning it to the claimant, as the verdict may direct.   But when may a sheriff resort to this proceeding for his protection?   At common law it seems he might call such a jury on his own motion, when from any source or in any manner he acquired information causing him to doubt the title of the property seized; but under the statute such proceedings can only be instituted by the claimant giving notice in writing of his claim, and until such notice the sheriff has no power or authority to summon or call a jury, whatever his views may be as to the title to the property.   The right to institute the proceeding belongs entirely to the claimant, and if he does not choose to give notice of his claim as provided by statute, he may resort at once to his common-law remedy against the sheriff; and in such case a sheriff can justify the levy only by showing that the property in fact belonged to the defendant in the writ. But if the claimant, in place of proceeding as above indicated, elects to give notice to the sheriff in writing of his claim, he thereby institutes the proceeding, and empowers the sheriff for his own protection to proceed according to the statute, and justify the future disposition of the property by the verdict of a jury; and if such verdict is against the claimant, he cannot maintain an action against the sheriff for the taking, or, if in favor of the claimant, it will be a complete defense to an action by the plaintiff in the writ.

But what is a claim within the meaning of the statute? It provides that when any person other than the defend-

ant in the writ shall claim the property seized, and shall "give notice of his claim in writing," the sheriff may summon a jury to try the validity of such claim. This language is broad enough to include any assertion of title or demand for the property, made in writing. No particular form is prescribed for the notice, nor is it required that the claimant shall demand or request a trial of his rights by a sheriff's jury; but "notice of his claim in writing" is sufficient to enable the sheriff to protect himself under the statute. The word "claim" has a well settled legal meaning, and is defined by Mr. Justice Story to be "in a just juridical sense a demand of some matter as of right made by one person upon another to do or to forbear to do some act or thing as a matter of duty": *Prigg* v. *Pennsylvania,* 41 U. S. (16 Pet.), 614. And another, and perhaps more generally recognized, definition is that it is "a challenge by a man of the propriety or ownership of a thing which he has not in possession, but which is wrongfully detained from him": 3 American and English Encyclopædia, 273. As the term imports, it is the assertion of a demand or the challenge of something as a matter of right. It is apparent, therefore, from this definition of the term "claim," that when any person other than the defendant in the writ demands of the sheriff in writing the possession of the property levied upon, and challenges the ownership thereof by asserting title in himself, he "gives notice of his claim" within the meaning of the statute, whatever its form, and however he may attempt to limit its effect or operation. The authority of a sheriff to call a jury of inquest to try the right of property depends upon the assertion of a claim in writing by some third person; and when such claim is made, whatever its form, or whatever the intention of the claimant may be, he becomes in law the actor, and must be held to have elected to submit his claim as

against the sheriff to the decision of the sheriff's jury. He is not bound to give the notice, or make any demand for the property, but may resort at once to his common-law remedy against the officer. We are aware that there is some slight conflict in the books as to whether a demand is necessary before bringing an action against an officer who has levied upon property in the possession of the defendant in the writ, which belongs to the plaintiff, but the rule in this state was settled by *Hexter* v. *Schneider,* 14 Or. 184 (12 Pac. 668). Where one person's property is seized on execution against another, he has a choice of procedure; he may at once resort to his common-law remedy; or he may, if he prefers, notify the sheriff in writing of his claim, and, in the latter case, he must be held to have elected to abide by the result of his own voluntary act in putting it within the power of the sheriff to protect himself under the statute, whatever his intention may have been in making the claim. Having made the claim, and given notice thereof in writing, the law determines its effect. We conclude, therefore, that when plaintiff notified the sheriff in writing that it was the owner of the property seized, and demanded possession thereof, it thereby authorized him to have the validity of such claim, as against himself, determined by a jury, although no formal request was made for such jury, and even though plaintiff did not intend it should have that effect.

2. The remaining question is whether plaintiff, after having given such notice, could deprive the sheriff of the right to protect himself in the mode prescribed by statute by notifying him not to proceed with the trial. The contention for plaintiff is that such a proceeding is in the nature of an action at law instituted by the claimant, and that he can, therefore, at any time discontinue it; but it seems to us that when the written notice is once given,

the claimant can prevent the sheriff from proceeding under the statute only by withdrawing his claim, and so long as he insists upon his title to the property he cannot deny the right of the sheriff to secure indemnity to himself by the verdict of a jury. His giving the notice is a voluntary act, but when given it vests the right in the sheriff to protect himself against an action by the plaintiff if the verdict is in favor of the claimant, as well as against one brought by the claimant if the verdict is against him, and he cannot be denied this right by any subsequent act of the claimant short of the complete withdrawal of the claim. The sheriff is a ministerial officer, presumed to be wholly indifferent between the parties, and is entitled to the protection afforded by the statute whenever the conditions exist upon which it becomes operative. When the claimant gives his notice in writing, he fulfills the conditions upon which the sheriff may submit the claims of the respective parties to a jury; and after such notice he has no more control of the proceeding, or interest in the verdict of the jury, than the plaintiff in the execution, and is no more entitled to discontinue the proceedings. Nor is the proceeding in any sense in the nature of an action at law; it does not result in a judgment, nor does it determine or affect the title to the property in any way, but only the right of the respective parties to maintain an action against the sheriff. It seems to us, therefore, that when a claimant chooses to give the written notice of his claim he cannot, by a subsequent notice not to proceed with the trial, deprive the sheriff of the right to protect himself under the statute, while at the same time insisting upon his claim to the property. Such a construction would render the statute inoperative as a protection to the sheriff, for which it was obviously intended, while the construction we have adopted deprives the claimant of no right, as

the sheriff is authorized to summon a jury only when a
claim in writing is made by some third person, and if he
chooses to refrain from so doing his right to an action
against the sheriff is complete.   We think, therefore,
that the judgment of the court below should be affirmed,
and it is so ordered.                              AFFIRMED.

### ON REHEARING.
[39 Pac. 403.]

Opinion by MR. JUSTICE WOLVERTON.

The construction of sections 286 and 287 of Hill's Code
of Oregon is involved in this controversy.   These sec-
tions read as follows: Section 286.   "When personal
property shall be seized by virtue of any execution, and
any person other than the defendant shall claim such
property, or any part thereof, and shall give notice
thereof in writing, the sheriff may summon from his
county six persons, qualified as jurors as between the
parties, to try the validity of the claim, giving five days'
notice of the time and place of the trial to the plaintiff in
the execution or his attorney."   Section 287.   "The
sheriff, at the request of either party, shall subpœna
witnesses, and compel them to attend and give testimony,
and he shall administer the necessary oaths to the jurors
and witnesses.   On the trial the defendant and the claim-
ant may be examined by the plaintiff as witnesses, and
the verdict of such jury being rendered in writing, and
signed by the foreman, shall be a full indemnity to the
sheriff proceeding in accordance therewith, but shall not
preclude the claimant from maintaining an action at law
for the recovery of the possession of such property, or
for damages for taking the same."   This court has
already decided in *Remdall* v. *Swackhamer,* 8 Or. 502, and
again in *Capital Lumbering Company* v. *Hall,* 9 Or. 93, that the

verdict of a sheriff's jury, obtained in pursuance of the provisions of said sections, operates as a full indemnity to the sheriff, the court holding that the manifest object of the statute in such case is the protection of the officer against the claimant after a determination adverse to his claim of property. Thus far there is and can be no contention, as the cases cited are decisive. But a further construction of these sections is required under the facts peculiar to the present case. There is no question but that the property was claimed by the plaintiff herein from the sheriff after his levy of the execution in the case of *Smith* v. *Williams;* but plaintiff contends that such claim did not authorize the sheriff to summon a jury to try the rights of property as between the claimants, the plaintiff herein and the plaintiff in the writ, and that, even if it did invest him with such authority, the notice served upon him by plaintiff to the effect that it did not desire a trial by a sheriff's jury, and would not be bound by the result thereof, and the commencement of the present action prior to the consummation of such trial, was an abrogation of the authority so conferred. Plaintiff further contends that it had a right to terminate the trial by sheriff's jury in this manner, and thereby preserve its right of action against the sheriff for this property by replevin or other adequate action. The basis of such contention is that the foregoing sections of our statute are the outgrowth of the earlier Ohio statutes, and that, having adopted the laws of that state, the known settled construction thereof by its courts will be adopted by this court. We will first examine the statutes of Ohio referred to in comparison with our own, and then the decisions of that state touching the construction of said statutes, and determine their applicability to the present status of our laws.

The Ohio statute on the subject is comprised in sec-

tions 426, 427, and 428 of the Code, which direct, in substance, that if the officer, by virtue of a writ of execution, shall levy on any goods and chattels claimed by any person other than the defendant, it shall be the duty of said officer forthwith to give notice in writing to some justice of the peace of the county, in which shall be set forth the names of the plaintiff and defendant, together with the name of the claimant, and at the same time to furnish the justice with a schedule of the property claimed.   It is made the duty of the justice, on receipt of such notice and schedule, immediately to enter the same in his docket, and issue a writ of summons to five disinterested men having the qualification of electors, requiring them to appear before him, at the time and place named in the writ, to serve as a jury in the trial of the claimant's right to the property in controversy; and the time fixed for the trial must not be more than three days after the date of the writ.   It is made the duty of the claimant to give two days' notice in writing to the plaintiff or other party for whose benefit the execution was issued and levied of the time and place of trial; and he is required to prove to the satisfaction of the justice that such notice was given.   If the jury find that the right of property is in the claimant, they shall find the value thereof, and the justice shall thereupon render judgment for the claimant for his costs, and that he have restitution of the goods. But if the right of said goods is found not to be in the claimant, the justice is required to render judgment in favor of the party for whose benefit the execution issued, and against the claimant, for costs, and award execution. Such judgment for the claimant is declared to be a justification of the officer in returning "no goods" to the writ of execution, unless, within three days after such trial, the plaintiff in the execution shall tender to the sheriff an undertaking with good and sufficient sureties, payable

to the claimant in double the value of the property as assessed by the jury, to the effect that they will pay all the damages sustained by reason of the detention or sale of such property; in which case the officer having the execution is required to deliver such undertaking to the claimant, and proceed to sell such property as if no such trial of the right of property had taken place, and shall not be liable to the claimant therefor. Proceedings under attachment were to the same effect. The court, in *Jones* v. *Carr*, 16 Ohio St. 423, gives a synopsis of these provisions, and, commentirg thereon, says that ''The result of a trial of the claimant's right to the property levied on in execution, whatever be the finding of the jury and the judgment of the justice, is or may be to conclude the claimant from all right of redress against the officer making the levy; or, if the finding of the jury be against the claimant, then, as was held under a similar statute of eighteen hundred and thirty-one, in *Patty* v. *Mansfield*, 8 Ohio, 369, he cannot afterward maintain an action against the officer. If the verdict of the jury be in favor of the claimant, then the plaintiff in execution may tender the undertaking provided for by the statute, and require the sale to proceed, and the officer is not liable to the claimant therefor. Such are the plain terms of the statute, and so it was held in *Ralston* v. *Oursler,* 12 Ohio St. 105.''

Sections 9, 10, 11, 12, and 13 of "An act subjecting real and personal estate to execution," (Oregon Laws, 1849, pages 207 and 208,) are, in substance, that when a person other than the defendant shall present a claim in writing to the officer holding such execution, setting forth that such person is the owner of and has a just claim to any personal property levied upon by such officer by virtue of such execution, specifying the article or items of property so alleged to be owned and claimed,

it shall be the duty of such officer to file the said claim without delay in the office of some justice of the peace in the proper county; and the said justice shall thereupon proceed to docket the cause, making the claimant the plaintiff, and the execution plaintiff the defendant, and fix a day of trial, within five days thereafter, of which the parties interested, their agent or attorneys shall have three days' notice, unless the same be waived and a speedier trial agreed to by the said parties, and further proceedings on said execution shall be suspended until such claim shall be abated or a final decision thereon had. Change of venue and continuances may be had, new trials awarded, judgments and executions and other proceedings had, as in other civil causes before justices. The justice shall try the cause unless either party shall request a jury. In such case the trial shall proceed before the jury. If the judgment is in favor of the claimant, the property in dispute shall be delivered to him, and the execution plaintiff shall pay the costs; if the judgment is against the claimant, he shall pay the costs, and the judgment shall justify the officer in selling the property. An appeal may be taken from the judgment of the justice in any such case within ten days from the rendition thereof, and not thereafter, under the same rules and provisions that may obtain in other cases before justices of the peace. Section 15, among other things, provides that "personal property taken by virtue of a writ of attachment may be claimed, and such further proceedings thereon had, as is herein provided in cases of personal property taken in execution." At this time there were no statutes of the territory allowing and regulating attachments. In February, eighteen hundred and fifty-one, such an act was passed and became a law. By sections 7 and 8 thereof it was provided that if the officer, by virtue of any such writ of attachment, should

attach any goods or chattels claimed by any person other than the defendant, it should be the duty of said officer forthwith to give notice in writing to some justice of the county, etc., and thereafter the proceedings prescribed were in effect the same as where personal property was claimed by a third party when levy of execution is made, except that the justice was required to summon five jurors, and the trial was had before the jury in any event: General Laws of Oregon, 1851, pages 59 and 60. In eighteen hundred and fifty-four the territorial legislature passed "An act to regulate proceedings in actions at law in the supreme and district courts," consisting of eight chapters. Title XIII, chapter I, treats of attachments, and title I, chapter III, treats of executions. It seems that the provisions of these titles superseded all former laws touching attachments and executions so far as they have any bearing upon the case at bar. Sections 12 and 13 of title I, chapter III, are substantially the same as sections 286 and 287 of the present law, except that the latter clause of section 287 is omitted. Section 131, title XIII, chapter I, provides: "If any personal property attached be claimed by a third person as his property, the sheriff may summon a jury to try the validity of such claim, and the same proceedings shall be had thereon with like effect as in case of seizure upon execution." The language is identical with section 156, Hill's Code of Oregon,—the law as it now stands. In eighteen hundred and sixty-two the legislature passed an act to provide a Code of Civil Procedure. By section 284 of the act, section 13 of title I, chapter III of the act of eighteen hundred and fifty-four was so amended that it is identical with section 287 of our present laws.

This is a brief outline of the different stages of legislation through which the law has passed, and of which sections 286 and 287 are the outgrowth. It will be noted

that the Ohio statute provides that if the officer, by virtue of a writ of execution, shall levy upon any goods and chattels claimed by any person other than the defendant, it shall be the duty of said officer forthwith to give notice in writing to some justice of the peace, etc. It then becomes incumbent upon the claimant, if he desires a trial of the rights of property before the justice, to give two days' notice in writing to the plaintiff in the writ of the time and place of trial, and he is required to prove that such notice was given. The facts out of which *Jones* v. *Carr,* 16 Ohio St. 423, mainly relied upon by appellants for a reversal of this case, arose, are as follows: Samuel Smith, the sheriff, attached as the property of one Catlett Jones certain goods and chattels of which the plaintiff in error claimed to be the owner. The sheriff thereupon, at his own instance, gave notice in writing to a justice of the peace that said goods had been taken under a writ of attachment at the suit of Wilson, Carr and Company against Catlett Jones, that L. M. Jones claimed the ownership thereof, and that he, the sheriff, for his own protection, and without the request of said claimant, desired a trial of the right of property in said goods and chattels. The justice summoned a jury, and appointed a day for trial. The plaintiff in error appeared only for the purpose of denying that he ever authorized or requested the proceeding to be instituted, declined to engage in the trial, refused to give or prove notice to defendants in error, the plaintiffs in the writ, of the time and place of trial, asked that the proceedings be dismissed, and declined to further prosecute his alleged claim. Notwithstanding these facts, the justice proceeded with the trial, and the jury found against the claimant. The case was taken up by writ of error to the court of common pleas, and then to the supreme court of the state. After a discussion of the

27 OR.—74.

statute and authorities, the court concludes: "The stat-
ute clearly regards the claimant as the actor throughout
the proceeding.   As such, it is made his duty to give no-
tice in writing to the plaintiff in execution of the time
and place of trial; and no trial of his right to the prop-
erty can be had unless he first proves, to the satisfaction
of the justice, that such notice was given.   If the pro-
ceeding may be instituted by the sheriff on his own mo-
tion why should he not have been required to give notice
of the time and place of trial to both the plaintiff in exe-
cution and the claimant?   If, in this case, the execution
creditors had refused to waive the want of proper notice,
could the trial have proceeded for the benefit of the sher-
iff?   If not, then his protection must have failed.   And
it might well be questioned whether the plaintiff in exe-
cution would be bound to act upon or regard a notice of
the contemplated trial, not having the sanction of the
claimant, nor purporting to emenate from him.   *   *   *
We hold that the legislative intent was to provide for
the case of a claim made with reference to the statute,
or accompanied with a demand of the remedy by the
statute, and that in this case the justice of the peace had
no jurisdiction to try the right of the plaintiff in error
to the property in question, against his consent, and at
the instance of the sheriff alone, nor to render judgment
against him in the premises."

Nebraska has a statute very similar to that of Ohio,
making it the duty of the claimant, after claiming the
property, and the claim has been referred to a justice of
the peace, and a jury summoned, to give two days' notice
in writing to the plaintiff of the time and place of such
trial, and to prove that such notice was given.   The case
of *Storms* v. *Eaton,* 5 Neb. 458, turned upon the answer of
defendant, the court saying: "There is no allegation in
the answer, nor proof to show, at whose instance the

proceedings before the justice were instituted.   It is said that Eaton claimed the goods, but that of itself is not sufficient to authorize the commencement of summary proceedings under the statute.   Nor is there anything in the answer or bill of exceptions to show that the justice rendered judgment on the finding of the jury, as required by section 487 of the Code," and concluded that the case as made fell far short of being a judgment in bar which would prevent the defendant in error from maintaining an action of replevin against the officer for the recovery of the goods.   The case of *Pike* v. *Colvin,* 67 Ill. 227, simply decides that where an officer, under an execution, levies upon the goods of any person other than the defendant in the writ, the owner may maintain an action of trover against the officer as a wrongdoer, and that he is not compelled to replevy, or try his rights of property under the statute.   These cases all go upon the principle that the claimant must become the actor, and must himself pursue the statutory directions, so far as they are made incumbent upon him to act, before the proceeding can bind him.   The remedy is one of his own choosing; if he adopts it, and takes the steps pointed out by the statute, he is bound by the proceeding so far as it concerns the officer; but he need not adopt the remedy, and cannot be compelled to do so, and may pursue any other available remedy against the officers, so long as he does not adopt this one.   The proceeding is not judicial.   It is, however, a summary remedy, which the claimant may voluntarily invoke, and, when duly invoked by him, he is necessarily bound by it: *Capital Lumbering Company* v. *Hall,* 9 Or. 93.   Under the statute of eighteen hundred and forty-nine, the claimant was required, in order to invoke this remedy, to present a claim in writing to the officer holding the execution, setting forth that he was the owner and had just claim to the property; and after the

justice had fixed the day of trial, it was then provided that the parties interested should have three days' notice thereof, unless the same was waived, and they agreed to a speedier trial.    In this respect the law differs from the Ohio statute, which provides that such notice shall be given and proved by the claimant.    Now section 286, Hill's Code, provides that when any person other than the defendant shall claim such property, and shall give notice thereof in writing, then the sheriff may summon a jury; and he (the sheriff) shall give five days' notice of the time and place of trial to the plaintiff in the writ. What was before indefinite as to who should give the notice to the plaintiff in the writ, of the time and place of trial, is now made definite by making it incumbent upon the sheriff to perform that duty.    The sheriff is now constituted the officer before whom the trial by jury shall take place, whereas before it was required that a justice of the peace should direct the proceedings.    These constitute the principal changes in the law, which, it will be observed, are so radical that the earmarks of the former are scarcely discernible in the present law, except in the one respect that the claimant is required to give notice to the sheriff of his claim in writing.

3.    How and when does the claimant become an actor? In other words, what must he do in order to invoke this remedy?    The Ohio statute, as we have seen, under the construction given it by the supreme court of that state, requires the claimant, after the jury is summoned, and time of trial fixed by the justice, to give two days' notice thereof to the plaintiff in the writ, and prove to the satisfaction of the justice that such notice was given.    When the claimant does this he becomes an actor.    Much less is required of the claimant under our section 286.    When he has given notice of his claim in writing to the sheriff, he has done all that the law requires of him.    The law

having been enacted for the protection of the officer, as we have seen, he may then summon a jury to try the validity of the claim, but he must give five days' notice of the time and place of trial to the plaintiff in the execution. The claimant invokes the remedy when he gives such notice, and if the officer thereupon calls a jury, and proceeds with the trial of the right of property by the statutory method, the claimant is bound by the verdict, if against him, to the extent of being precluded from further action against the officer. If the statute does not mean this, the trial by a sheriff's jury is a meaningless formality, and the law a dead letter. If the claimant does not become an actor until he has actually participated in the trial, the law might become a source of vexation, instead of protection, to the officer. Under such a construction a claimant may give his notice, and put the sheriff to the expense of calling a jury, then say to him that the jury is not wanted, and its verdict will not be recognized.

4.  The counsel for appellant contend, however, that a sheriff's jury may be invoked under section 156, without reference to the construction placed on section 286, by a third party simply making claim to the property, without notice in writing to the officer, where goods and chattels are seized by virtue of a writ of attachment. We are of the opinion, however, that section 156 should be construed *in pari materia* with section 286, and that a notice in writing is required in either case. Section 15 of the act subjecting real and personal estate to execution provides, as we have seen, (Laws, 1849, page 208,) that "Personal property taken by virtue of a writ of attachment may be claimed, and such further proceedings thereon had, as is herein provided in cases of personal property taken in execution." The statute of eighteen hundred and fifty-one is an independent enact-

ment, touching the subject of attachments only. This did not provide for notice in writing to the officer by the claimant. The act of eighteen hundred and fifty-four, however, comprised both subjects, that of attachment and execution, as well as other matters relating to proceedings and actions at law, and purports to be a general revision of the laws of the territory touching the same. Section 131 of that act is identical with section 156 of our present Code, which provides that when attached property is claimed by a third party the same proceedings shall be had thereon with like effect as in the case of seizure upon execution. Sections 156 and 286 are therefore parts of the same legislative act, intended by the legislature to be a revision of all former acts relating to attachments and executions. It is hardly probable that the legislature by the same act intended to prescribe different modes of procedure where the conditions are exactly alike. It is more likely that, in combining the two acts in one, it did not weigh carefully the language employed to express fully its exact intent, and that by reason of a direct reference in section 131, (now 156, Hill's Code,) being made to the procedure touching executions, and providing that such procedure shall be the same as where levy is made by virtue of an execution, it intended that it should be the same in all respects. Hence we believe it intended the notice of claim should be made in writing to the sheriff the same as upon execution. The procedure would therefore be the same throughout its entire scope.

5. As to the second contention of counsel,— that the claimant was entitled to withdraw the proceedings before the sheriff's jury, and that the notice given by plaintiff to defendant before the day of trial, to the effect that it did not desire a trial of its claim by a sheriff's jury, would not recognize his right to call a jury, nor subject itself or

claim to such jury, and would not appear or be bound by the action thereof, had the effect of such withdrawal, it would seem that section 288 affords an answer. This section provides that "the claimant, at any time before the jury retire, may withdraw his claim." This means apparently his claim of property made to the sheriff. When such claim is so withdrawn, the statute provides that the trial shall proceed no further. Such being the method adopted by the statute for a termination of trial before the sheriff's jury, it excludes any other method of attaining that end. Hence, the attempted withdrawal of the proceedings not being equivalent to a withdrawal of its claim, did not terminate the trial before the sheriff's jury, and the sheriff rightfully proceeded therewith. Neither did the commencement of the present action have that effect.

6. It is contended, however, that if plaintiff had withdrawn his claim by the statutory method, he would be estopped from pursuing any other remedy that he might have as well against the sheriff as against other parties who might become thereafter interested in the property. We see no reason why such withdrawal should work an estoppel as against the claimant in favor of the sheriff, or any other party, if action should be instituted at once or before sale of the property. As to what effect it may have had after sale, if the claim was not renewed, or an action begun touching the property in question, we are not called upon at this time to decide. We are prompted by these considerations to adhere to the former opinion rendered herein. The judgment of the court below is therefore affirmed.                        AFFIRMED.