Decided 15 July, 1901.

## SOMMER *v.* OLIVER.

[ 65 Pac. 600.]

NOTICE OF TIME OF TRIAL BY SHERIFF'S JURY.

Where property has been seized under an attachment or execution, and a third person has filed with the officer a written claim thereto, as provided for by Sections 156* and 286* of Hill's Ann. Laws, a notice by the officer to claimant's attorney some six days before that he would call a jury at a stated time and place to determine the validity of claimant's right to the property seized, which notice was repeated to the claimant the day before the appointed time, and again on the morning of the day set, accompanied by an offer to postpone the trial to suit claimant's convenience, was a sufficient notice to the claimant, as it was given a reasonable time beforehand, and that is all the claimant is entitled to.

From Union : ROBERT EAKIN, Judge.

---

* These sections read as follows :

Section 156. If any personal property attached be claimed by a third person as his property, the sheriff may summon a jury to try the validity of such claim, and the same proceedings shall be had thereon with the like effect as in case of seizure upon execution.

Section 286. When personal property shall be seized by virtue of any execution, and any person other than the defendant shall claim such property, or any part thereof, and shall give notice thereof in writing, the sheriff may summon from his county six persons, qualified as jurors between the parties, to try the validity of the claim, giving five days' notice of the time and place of the trial to the plaintiff in the execution or his attorney.—REPORTER.

This is an action by D. Sommer against H. W. Oliver, D. Y. K. Deering, sheriff, and another to recover possession of three hundred thousand feet of lumber attached as the property of one S. L. Akin by the defendant Deering, as sheriff of Union County, under a writ of attachment issued in an action brought by H. W. Oliver against Akin. The complaint alleges that the plaintiff at the time of such seizure was the owner and in possession of the lumber. The answer denies the ownership and possession as alleged in the complaint, and for an affirmative defense sets up : (1) The proceedings under the writ of attachment ; and (2) that, after the seizure by the sheriff, Sommer notified him, in writing, that he was the owner of the property, and entitled to its possession, whereupon the sheriff summoned a jury to try the validity of such claim, and, after notice to the claimant and the plaintiff in the writ, a trial was had before such jury, resulting in a verdict against the claimant. The reply puts in issue the allegations of the answer. The trial resulted in a verdict and judgment in favor of the defendants, from which the plaintiff appeals, assigning numerous errors ; the principal one, however, being the admission in evidence of the verdict of the sheriff's jury, and the instruction of the court as to the effect to be given such verdict.

AFFIRMED.

For appellant there was a brief over the names of *Chas. H. Finn* and *Neil C. McLeod*, with an oral argument by *Mr. Finn*.

For respondent there was a brief and an oral argument by *Messrs. Thos. H. Crawford* and *Turner Oliver*.

Mr. Chief Justice Bean, after stating the fact, delivered the opinion of the court.

It was held in *Vulcan Iron Works* v. *Edwards*, 27 Or. 563 (36 Pac. 22, 39 Pac. 403), that, when any person other than a defendant notifies a sheriff in writing that he claims personal property seized by such officer under an execution or writ of attachment, the sheriff may, for his own protection, summon a jury to try such claim, without the request, and even against the objection, of the claimant; and the verdict of such jury, if against the claimant, is a complete defense to an action by him against the sheriff for the recovery of such property. It is insisted, however, that the verdict of the sheriff's jury relied on in the case at bar is void, because the claimant was not given a sufficient notice of the time and place of trial. The evidence tended to show that the sheriff notified the attorney of the claimant that he had decided to summon a jury to try the validity of the claim, specifying the time and place of the trial, five or six days prior thereto, and repeated such notice to the claimant in person on the day before, and again on the morning of, the trial, at the latter time suggesting to him that, if he could not appear at the time fixed, the trial would be postponed to suit his convenience; but that the claimant refused either to appear or to name any time which would be convenient for him. The court instructed the jury, in substance, that if the claimant, the plaintiff herein, or his attorney, did not receive notice from the sheriff of the time and place of trial long enough in advance to enable him to appear, or an offer to delay the trial until he could appear, the verdict of the jury would be no defense; but, if he did have such notice, he could not recover, even though he was the owner, and otherwise entitled to the possession of the property. It thus appears that the validity of the verdict of the sheriff's jury was made to

depend upon the question as to whether the notice to the claimant of the time and place of trial was reasonable, under the circumstances ; and this is certainly all he was entitled to. The statute governing proceedings of this kind makes no provision for notice to the claimant of property seized under an attachment or execution of the time and place of the trial before the sheriff's jury, and, manifestly, it is sufficient if he has reasonable notice thereof. By giving a notice of his claim in writing to the officer, he becomes an actor in the proceedings, and thereby supplies the statutory condition upon which the officer may submit the claim of the respective parties to a jury, and the law presumes that he will be ready at any time, upon reasonable notice, to submit the merits of his claim to such jury. We are of the opinion, therefore, that there was no error in admitting in evidence the proceedings before the sheriff's jury, and the verdict thereof, nor in the instructions of the trial court as to the effect to be given to the same ; and as, under the decisions of this court, the verdict of such a jury is a complete defense to an action brought by the claimant against the officer to recover possession of the property, the judgment of the court below must be affirmed.

Affirmed.

Decided 22 July, 1901.