Argued 5 December, 1901; decided 6 January, 1902.

## SINGER MANUFACTURING CO. v. DRIVER.

[67 Pac. 111.]

PRESUMPTION.

1. Where one claimed goods taken under an attachment by an officer, but withdrew his claim before the retiring of the sheriff's jury, and sued the officer for conversion, and it appeared there had been a sale under the attachment, but not whether the action was commenced before the sale, it will be presumed, on a motion by defendant for judgment on the pleadings, that the action of conversion was commenced before the sale.

EFFECT OF WITHDRAWING CLAIM TO ATTACHED PROPERTY.

2. Where property in the hands of an officer is claimed in writing by a stranger to the writ under which it is held, the withdrawal of the claim before the retiring of the sheriff's jury called to try the question of title ends the trial (Hill's Ann. Laws, §§ 286, 288), and proceedings thereafter by such jury are entirely ineffective to constitute an estoppel on the claimant: *Vulcan Iron Works* v. *Edwards*, 27 Or. 563, applied.

From Multnomah:   ALFRED F. SEARS, JR., Judge.

Action by the Singer Manufacturing Company against T. J. Driver, the Sheriff of Wasco County.   Judgment for defendant, and plaintiff appealed.    REVERSED.

For appellant there was a brief over the name of *Woodward & Palmer*, with an oral argument by *Mr. John H. Woodward*.

No brief nor argument for respondent.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action of trover. The complaint alleges, in substance, that on the eighteenth day of March, 1897, the plaintiff was the owner and in the lawful possession of two Singer sewing machines, of the value of $70 each, which the defendant, as sheriff, wrongfully, unlawfully, and forcibly took possession of and converted to his own use, to plaintiff's damage in the sum of $140. The answer denies all the material allegations of the complaint, and for an affirmative defense avers that one J. A. Simms was the owner and in possession of the machines mentioned in the complaint, and that, on the seventeenth day of March, 1897, Jones & Kribs, as partners, commenced an action in the circuit court for Wasco County against Simms to recover money, and caused a writ of attachment to be issued and placed in the hands of defendant, who, by virtue thereof, attached the property referred to; that thereafter, on March 29, Jones & Kribs recovered judgment against Simms, and an order for the sale of the attached property, and, in pursuance of an execution regularly issued on the judgment, the machines were advertised and sold at public auction in the manner provided by law to one W. C. Barrell for the sum of $25 each; that, after the attachment, and on the nineteenth of March, the plaintiff notified the defendant in writing that it was the owner and entitled to the possession of the machines; that thereafter, on the eighth day of April, 1897, the defendant, after notice to the plaintiff and to Jones & Kribs, summoned a jury to try the validity of such claim, which, after hearing the evidence, found that the property belonged to Simms; that by reason of such proceedings and verdict the plaintiff is estopped from bringing or maintaining the present action. A reply put in issue the new matter set up in the answer, and, as a further and separate reply, alleged, in substance, that, before the alleged trial before the sheriff's jury was had, the plaintiff withdrew the claim to the property it had theretofore made to the sheriff. A motion for judgment on the pleadings was sustained in the court below, and a judgment rendered against the plaintiff, from which it appeals.

1. There is no appearance or brief for the defendant, but we are advised that in the opinion of the court below the plaintiff could not maintain this action because it withdrew its claim to the property before the trial by the sheriff's jury. Such withdrawal is not pleaded as a defense, nor are any facts alleged that would constitute an estoppel, except the verdict, which, under the allegations of the reply, is of no validity, because the claim was withdrawn before the jury retired: Hill's Ann. Laws, § 288. There is no allegation in the pleadings as to the time of sale of the property by the sheriff, and for the purpose of the motion for judgment on the pleadings it must be assumed that this action was commenced before such sale.

2. The single question, therefore, is whether the mere withdrawal of a claim made by a third person to property seized by a sheriff under a writ of attachment or execution operates as a bar to an action brought by the claimant prior to the sale against the sheriff to recover possession of the attached property or its value. This question was considered by the court in *Vulcan Iron Works* v. *Edwards,* 27 Or. 563 (36 Pac. 22, 39 Pac. 403), and it was there said: ''We see no reason why such withdrawal should work an estoppel as against the claimant in favor of the sheriff, or any other party, if action should be instituted at once, or before sale of the property.'' By the notice in writing the claimant becomes an actor, and thereby vests the sheriff with the right to protect himself by the verdict of the sheriff's jury against an action by the plaintiff in the writ, if it is in favor of the claimant, as well as one brought by the claimant if against him, and he can only be denied this right by the withdrawal of the claim. But when the claim is withdrawn the statute declares that ''the trial shall proceed no further'' (Hill's Ann. Laws, § 288), and thereafter the matter stands as if no claim had been made, unless some subsequent act of the sheriff, relying on the faith of such withdrawal, when properly pleaded, constitutes estoppel. As no estoppel is pleaded in this case, we are of the opinion that the judgment must be reversed, and it is so ordered.  Reversed.