Argued May 21; appeal dismissed July 1, 1941

# FRANCISCO *v.* STRINGFIELD ET AL.

(114 P. (2d) 1026)

Before Kelly, Chief Justice, and Rand, Rossman, Bailey and Lusk, Associate Justices.

*Arthur H. Lewis*, of Portland, for appellant.
*E. B. McCutchan*, of Portland, for respondents.

RAND, J.   This is an appeal by A. V. Overman, a third-party claimant in an attachment proceeding, from an order of the circuit court for Multnomah county, overruling his motion to compel the sheriff to pay to him the sum of $4,428.88, seized by the sheriff under a

writ of attachment issued out of said court in an action then pending, wherein C. C. Francisco was plaintiff and J. L. Stringfield was defendant.

The statute under which these proceedings were instituted and the order appealed from was made provides as follows:

"If any personal property attached be claimed by a third person as his property, the sheriff may summon a jury to try the validity of such claim, *or at the option of the adverse claimant the court out of which the attachment issued shall try the adverse claim in a summary manner,* and the same proceedings shall be had thereon with the like effect as in case of seizure upon execution." (Section 7-213, O. C. L. A.)

Sections 6-1402 and 6-1403, O. C. L. A., prescribe the procedure to be followed and the effect to be given to the result of the trial in case of seizure upon execution. Those sections provide:

"When personal property shall be seized by virtue of any execution, and any person other than the defendant shall claim such property, or any part thereof, and shall give notice thereof in writing, the sheriff may summon from his county six persons, qualified as jurors between the parties, to try the validity of the claim, giving five days' notice of the time and place of the trial to the plaintiff in the execution or his attorney; *or the adverse claimant may, at his option, have his claim adjudicated in a summary manner in the court out of which the execution issued, by affidavit, by oral testimony in open court or otherwise, as the court may determine.*" (Section 6-1402, O. C. L. A.)

"The sheriff, at the request of either party, shall subpoena witnesses, and compel them to attend and give testimony, and he shall administer the necessary oaths to the jurors and witnesses. On the trial the defendant and the claimant may be examined by the plaintiff as witnesses, and the verdict of such jury being rendered in writing, and signed by the foreman,

shall be a full indemnity to the sheriff, proceeding in accordance therewith, but shall not preclude the claimant from maintaining an action at law for the recovery of the possession of such property, or for damages for taking the same." (Section 6-1403, O. C. L. A.)

██ The words italicized in sections 7-213 and 6-1402 were added to those sections by chapter 177, L. 1931. Otherwise the language of the amended statutes is the same, without any change, as that of the former statutes. Before these two statutes had been so amended by the 1931 legislature, it was held in *Vulcan Iron Works v. Edwards*, 27 Or. 563, 36 P. 22, 39 P. 403, that, as they all relate to the same subject-matter, they are *in pari materia* and must be read and construed together, and, in referring to the proceedings authorized to be brought thereunder, the court said:

"* * * Nor is the proceeding in any sense in the nature of an action at law; it does not result in a judgment, nor does it determine or affect the title to the property in any way, but only the right of the respective parties to maintain an action against the sheriff."

██ Also, before the statutes were so amended, it was held in *Remdall v. Swackhamer*, 8 Or. 502; *Capital Lumbering Co. v. Hall*, 9 Or. 93; *Hexter v. Schneider*, 14 Or. 184, 12 P. 668; *Vulcan Iron Works v. Edwards*, supra, and *Tallman v. Havill*, 133 Or. 407, 291 P. 387, that the verdict of the sheriff's jury is a complete indemnity to a sheriff proceeding in accordance therewith and, if against the claimant, is a complete defense to an action by such claimant against the sheriff, and it was also held in *Capital Lumbering Co. v. Hall*, supra; *Hexter v. Schneider*, supra; *Coos Bay Ry. etc., Co. v. Wieder*, 26 Or. 453, 456, 38 P. 338; *Vulcan Iron Works v. Edwards*, supra, and

*Tallman v. Havill*, supra, that the verdict of the sheriff's jury will not preclude the claimant from maintaining an action at law for the recovery of the possession of the attached property or for damages for taking the same. Moreover, it was expressly held in *Tallman v. Havill*, supra, that proceedings brought under said sections are not judicial in their nature and do not preclude the right of the claimant to maintain an action against any one but the sheriff. To the same effect, see 23 C. J., Executions, section 508, p. 586, and authorities cited by Mr. Justice Rossman in the Tallman case.

It seems clear that the only purpose of the legislature, in amending these two statutes and in failing to amend section 6-1403, was merely to permit the adverse claimant, at his option, to have the validity of his claim heard before the court out of which the attachment was issued rather than before a sheriff's jury and without in any way changing the effect or the result of the trial. If this is so, then the decisions of this court above cited are applicable to these statutes in their amended form and are controlling on our decision here.

It is not reasonable to suppose that the legislature intended to provide different methods for trying the validity of a claim of an adverse claimant to attached property and to give to one a different effect or result than that given to the other without in some manner indicating such intent. Presumably, the legislature knew the provisions of section 6-1403 and, if it intended that that section should not apply where the matter was heard before a court, it would have, in some way, so indicated. For us to hold otherwise would be to determine that, if the trial was had before

the court, it would not afford any indemnity to the sheriff and would preclude the claimant from maintaining an action at law for the recovery of the possession of the attached property or for damages for taking the same if decided against the claimant.

■ While it is true that the amendatory clause inserted in section 6-1402 contains the words "adjudicated in a summary manner", and the word "adjudicate", as defined by Black, means "to settle in the exercise of judicial authority. To determine finally. Synonymous with *adjudge* in its strictest sense", it is not to be supposed that it was so used in the amendatory clause inserted in section 6-1402, for otherwise it would not have provided that the claim should be adjudicated in a summary manner, which, as so used, means without a jury. Otherwise, if the claim was finally determined against the claimant in such summary proceedings, he would be deprived of his constitutional right to a trial by a jury and would be precluded from maintaining an action at law for the recovery of the possession of the attached property or for damages for taking the same.

■ Hence, we hold that, under neither of these amendments, did the legislature intend that, where the claim was heard before the court, any different result should follow than where the claim had been heard before a jury summoned by the sheriff to try the validity of the claim, and that the decisions of this court, above cited, are applicable to both of these statutes in their amended form, and that the only result of the trial before the court was merely to indemnify the sheriff, who had acted in accordance therewith, from any liability resulting from his attachment of these moneys.

■ Upon the filing of this appeal, C. C. Francisco, the plaintiff in the action, moved to dismiss the appeal

upon the ground that the order appealed from was not a final order under our statute. That motion, on order of this court, was passed with permission to renew the same on final hearing, and it was renewed at that time. The order appealed from was not a judgment or decree, nor was it "an order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein", nor was it one which may be reviewed on appeal, as defined in section 10-801, O. C. L. A.

For that reason, the motion must be sustained and the appeal be dismissed, and it is so ordered.