The appeal was dismissed without written opinion May 18; petition for rehearing was denied in the following opinion June 2, 1943

## CADY v. PAULSON
(137 P. (2d) 999)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*Louis E. Schmitt,* of Portland, for appellant.

*Boyd & Ferris,* of Portland, for respondent.

PER CURIAM. On or about July 17, 1941, judgment was entered in favor of Inez DeLashmutt against A. S. Paulson for the sum of $175. No appeal was taken from that judgment. Dorothy DeLashmutt Cady, administratrix of the estate of Inez DeLashmutt, deceased, on September 3, 1942, filed an affidavit asking for an order requiring the defendant to appear and be examined under oath as to any property he might have applicable to ·satisfaction of the judgment. Based on the affidavit, an order requiring the defendant to appear on a day certain was entered by the court. Upon the overruling of his "demurrer to the order" the defendant filed an answer setting forth that the court had been without jurisdiction to render judgment against him and in favor of the decedent.

This answer was "dismissed" by order of the court and the defendant was by such order "required to appear and show cause why he should not be punished for contempt, for failure to appear for oral examination pursuant to order heretofore entered, and that said order to show cause be served personally upon the defendant, requiring him to appear at a time to be fixed and determined by the court". From this order the defendant has attempted to appeal.

The respondent moved to dismiss the appeal on numerous grounds, among them that the order was not final. Her motion was allowed and the appeal was dismissed on May 18, 1943, without written opinion, for the reason that the order in question was not ap-

pealable. The defendant has filed what is designated as a petition for rehearing.

■■■■ An order requiring a litigant to appear and show cause why he should not be punished for contempt is an interlocutory and not a final order. It is therefore not appealable: § 10-801, O. C. L. A.; 17 C. J. S., Contempt, § 114, page 154; *State v. King County Superior Court,* 67 Wash. 370, 121 P. 836; *Adams v. Adams,* 80 N. J. Eq. 175, 83 A. 190, Ann. Cas. 1913 E, 1083. Interlocutory orders other than for the partition of real property are not appealable: *Winters v. Grimes,* 124 Or. 214, 264 P. 359; *In re Norman's Estate,* 159 Or. 197, 78 P. (2d) 346. "The order appealed from was not a judgment or decree, not was 'it an order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein' ": *Francisco v. Stringfield,* 166 Or. 683, 114 P. (2d) 1026. The petition is denied.