Submitted July 9, appeal dismissed December 20, 1973

HARVEY, *Appellant, v.* HARVEY, *Defendant,*
REEDY, *Third-Party Claimant, Respondent.*

517 P2d 278

James H. Spence, Roseburg, filed the brief for appellant.

364

No appearance for third-party claimant, respondent.

HOLMAN, J.

Plaintiff registered a foreign divorce decree for the purpose of collecting past-due child support. An execution issued, and pursuant thereto the sheriff took into his custody certain personal property claimed to be the property of defendant. A third-party claimant, Reedy, contended she was the owner of the property by virtue of a bill of sale from defendant and she made application for a summary adjudication by the court under ORS 23.320 of the validity of her claim. Pursuant to such a proceeding, the circuit judge upheld the validity of the third-party claim and plaintiff appealed from such determination.

■ This court is handicapped by the lack of any appearance or brief by the third-party claimant. However, it is clear that no judicial determination was made by the circuit court which can be the subject of an appeal. The pertinent statutory provisions are as follows:

"23.320 Notice of adverse claim; mode of trial. When personal property is seized by virtue of any execution, and any person other than the defendant claims such property, or any part thereof, and gives notice thereof in writing, the sheriff may summon from his county six persons, qualified as jurors between the parties, to try the validity of the claim, giving five days' notice of the time and place of the trial to the plaintiff in the execution or his attorney; or the adverse claimant may, at his option, have his claim adjudicated in a summary manner in the court out of which the execution issued, by affidavit, by oral testimony in open court or otherwise, as the court may determine."

"23.330 Proceedings on trial; effect of verdict. The sheriff, at the request of either party, shall subpena [sic] witnesses, and compel them to attend and give testimony, and he shall administer the necessary oaths to the jurors and witnesses. On the trial the defendant and the claimant may be examined by the plaintiff as witnesses, and the verdict of such jury being rendered in writing, and signed by the foreman, shall be a full indemnity to the sheriff, proceeding in accordance therewith, but shall not preclude the claimant from maintaining an action at law for the recovery of the possession of such property, or for damages for taking the same."

These statutes have been held by this court to be for the protection and instruction of the sheriff and do not preclude the third-party claimant from maintaining an action at law, for the recovery of the possession of the property levied upon or for damages for taking the same, against any person other than the sheriff. *Francisco v. Stringfield,* 166 Or 683, 686, 114 P2d 1026 (1941); *Tallman v. Havill,* 133 Or 407, 411, 291 P 387 (1930); *Vulcan Iron Works v. Edwards,* 27 Or 563, 570, 36 P 22, 39 P 403 (1895); *Coos Bay Railroad Co. v. Wieder,* 26 Or 453, 456, 38 P 338 (1894).

In *Francisco,* the third-party claimant attempted to appeal to this court an adjudication against him pursuant to the above statutes by the court out of which the execution issued. This court held that the summary proceedings which the statutes provided were not judicial in nature and that the order appealed from was not a judgment or decree, and was not " 'an order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein' "; therefore, it was not an order which could be reviewed on appeal (166 Or at 687-89).

■ While the third-party claimant is the one who

attempted the appeal in *Francisco,* rather than the plaintiff in the case out of which the execution issued, there is no reason why the rule of non-appealability should not equally apply to such a plaintiff. The purpose of the proceedings is the protection and instruction of the sheriff in carrying out his official duty. The proceeding "* * * does not result in a judgment, nor does it determine or affect the title to the property in any way, but only the rights of the respective parties to maintain an action against the sheriff." *Vulcan Iron Works v. Edwards, supra* at 570.

ORS 23.320 was amended in 1931① to include the following:

> "* * * [O]r the adverse claimant may, at his option, have his claim adjudicated in a summary manner in the court out of which the execution issued, by affidavit, by oral testimony in open court or otherwise, as the court may determine."

The dissent expresses the opinion that it was the intention of the legislature by this amendment to make the court's adjudication (as differentiated from that of the sheriff's jury) a final one on title which was capable of being appealed. The legislature certainly did not express this intention, and it seems that it would have done so, had it had such an intention, because prior to 1931, the court, in *Tallman, Vulcan Iron Works,* and *Coos Bay Railroad Co.,* had labeled the determination under the statute as one not involving title but merely the liability of the sheriff.

Plaintiff is not foreclosed by the proceeding, and she may maintain an independent suit, claiming the third-party claimant and the defendant acted to subvert her rights as a creditor of defendant. The order

---

① Oregon Laws 1931, ch 177, § 1.

of the circuit judge was not one which prevented a judgment or decree concerning the property in plaintiff's favor and, therefore, did not affect a substantial right of plaintiff. It did not decide the dispute between plaintiff and the third party.

The attempted appeal of the plaintiff is dismissed.

McALLISTER, J., dissenting.

The majority opinion holds that the judgment of the circuit court adjudicating that the third party claimant was the owner of the property levied on by plaintiff was not "a judicial determination" and therefore not an appealable order. The majority bases its holding solely on the decision of this court in *Francisco v. Stringfield,* 166 Or 683, 686, 144 P2d 1026 (1941). I think *Francisco* was wrongly decided and should be overruled. I therefore dissent.

The legislature in 1931 amended ORS 23.320 by adding the following language:

> "* * * or the adverse claimant may, at his option, have his claim adjudicated in a summary manner in the court out of which the execution issued, by affidavit, by oral testimony in open court or otherwise, as the court may determine."

In my opinion the legislature intended a more significant result than to have a circuit judge substituted at the option of the claimant to play the role of a sheriff's jury with no greater consequence resulting from his adjudication than from the verdict of a sheriff's jury.

As the majority opinion points out, the verdict of a sheriff's jury merely protected the sheriff and did not preclude the third party claimant from maintaining an action at law to recover the property levied upon or for damages for taking the same against any party other than the sheriff. In my view the 1931

amendment was intended to make the adjudication of the circuit court final and, if the court, as in this case, decides in favor of the claimant, the judgment is appealable. Certainly the court had jurisdiction of the judgment creditor and of the property seized pursuant to the judgment of the court. The third party claimant, by requesting the court to adjudicate his claim, submits himself to the jurisdiction of the court and asks that court to adjudicate his claim to the specific property levied on. Under those circumstances the judgment is, at least as to the judgment creditor, "a final order affecting a substantial right, and made in a proceeding after judgment or decree." ORS 19.010 (2) (c).

The majority opinion imposes a needless hardship on an execution creditor. He is forced to start all over again and relitigate the very issue that was litigated in the court below. Furthermore, he loses the priority of his lien on the property of the judgment debtor. I therefore dissent.